# MUTUAL RESERVE FUND LIFE ASSOCIATION *v.* PHELPS.

## APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 263. Argued April 24, 27, 1903.—Decided May 18, 1903.

Under the statutes of Kentucky service of a summons upon the insurance commissioner in an action against an insurance company doing business in the State is sufficient to bring the company into court. This applies to a company whose license has been cancelled by the commissioner but which after such cancellation has continued to collect premiums and assessments on policies remaining in force. A judgment based upon such service is, in the absence of anything else to impeach it, valid.

A proceeding, based upon a judgment so obtained, for the appointment of a receiver, is not a new and independent suit, but a mere continuation of the action already passed into judgment, and in aid of the execution thereof, and can be initiated by the filing of an amended or supplementary petition. When such an amended petition is filed the action cannot be removed to the Federal courts, as the time prescribed therefor by the statute has already passed. Nor has the Federal court jurisdiction in an equity action to enjoin proceedings under the supplementary petition, as it is a mere continuation of an action at law. Where a proceeding is not warranted by the law of a State, relief must be sought by review in the appellate court of the State and not by collateral attack in the Federal courts.

SECTION 631, Kentucky statutes, 1899, (Laws 1893, chap. 171, sec. 94,) reads as follows:

"SEC. 631. Before authority is granted to any foreign insurance company to do business in this State, it must file with the commissioner a resolution adopted by its board of directors, consenting that service of process upon any agent of such company in this State, or upon the commissioner of insurance of this State, in any action brought or pending in this State, shall be a valid service upon said company ; and if process is served upon the commissioner it shall be his duty to at once send it by mail, addressed to the company at its principal office ; and if any company shall, without the consent of the other party to any suit or proceeding brought by or against it in any court of this State, remove said suit or proceeding to any Federal court, or shall institute any suit or proceeding against any citizen of this State in any Federal court, it shall be the duty of the commissioner to forthwith revoke all authority to such company and its agents to do business in this State, and to publish such revocation in some newspaper of general circulation published in the State."

On May 10, 1893, the appellant, The Mutual Reserve Fund Life Association, hereinafter called the association, acting under said section, by resolution of its board of directors, consented that the insurance commissioner of Kentucky should be authorized to receive service of process in any action brought or pending in Kentucky, and also that like valid service of process might be made upon every agent then or thereafter acting for it in Kentucky.

On October 10, 1899, the insurance commissioner cancelled the license which had theretofore been issued to the association, and gave it notice that from and after that date all authority granted by his department to it, and all licenses issued to its agents to do business in the State of Kentucky, were revoked. And from and after that date the association had no agent or agents in the State of Kentucky and did no new business whatever in the State, but at one time, for the convenience of the holders of certificates residing in Jefferson County, permitted them to remit dues and assessments through the Western Bank, located in the city of Louisville.

On February 28, 1900, James S. Phelps commenced an action in the Circuit Court of Jefferson County, Kentucky, against the association, alleging that on July 8, 1885, he had made application for membership, and that on July 16, 1885, his application had been approved and a certificate of insurance issued to him.   Breaches of the agreement on the part of the defendant were alleged, and a judgment asked for $1994.20.   A summons was issued and served on the insurance commissioner, and an alias summons was also issued and served upon Ben Frese, as the managing agent and chief officer and agent of the association in Jefferson County.   The defendant appeared specially and moved to quash the service on each summons. The motion was heard on affidavits and overruled.   The defendant taking no further action, judgment was rendered on May 19, 1900, in favor of the plaintiff for $1994 with interest.

On August 4, 1900, the plaintiff filed an amended and supplemental petition, in which he alleged the filing of the original petition, the judgment, the issue of execution, a return of *nulla bona;* that the defendant had a large number of policy holders in the State who at stated times and regular intervals became indebted to it for premiums and assessments upon its policies of insurance, and prayed for a general attachment, or in lieu thereof the appointment of a receiver to take charge of the business and property of the defendant in Kentucky, and that all revenues and income accruing to it from policy holders and other debtors be ordered paid to the receiver.   Upon the filing of this amended and supplemental petition the court appointed the Fidelity Trust and Safety Vault Company, the other appellee, hereinafter called the company, a receiver of all the property of the defendant in Kentucky, directed it to receive and collect all moneys and debts then owing or thereafter to accrue to the said defendant, and ordered all debtors of the defendant to pay to such receiver all premiums and assessments which might become due or owing to it; such receivership to continue until the judgment of the plaintiff and all costs and expenses had been paid, and then to terminate. The company qualified as such receiver and gave notice to the policy holders of the defendant.

On August 22, 1900, the association applied by petition and bond for a removal of the case to the Circuit Court of the United States for the District of Kentucky, which application was denied. It does not appear that any copy of the record was filed in the Federal court. But it commenced this suit in that court against Phelps (the judgment creditor) and the company, to enjoin them from further proceeding under the order made by the state court. The court issued an injunction, as prayed for. 103 Fed. Rep. 515. On February 2, 1901, the defendants moved to dissolve the injunction, which motion was overruled and an appeal taken to the United States Circuit Court of Appeals for the Sixth Circuit. By that court the decision of the Circuit Court was reversed February 4, 1902, 50 C. C. A. 339; 112 Fed. Rep. 453, and the case remanded, with directions to dismiss the bill of complaint. From such decree the association appealed to this court.

*Mr. William D. Guthrie* and *Mr. Edmund F. Trabue,* with whom *Mr. George Burnham, Jr.,* and *Mr. Sewell T. Tyng* were on the brief for appellant.

The allegations of the bill, which, under defendant's motion must be taken as true, show that the relief sought by way of injunction is to restrain the enforcement of a void judgment entered in a court without jurisdiction of the defendant who is the complainant in this action. The judgment on its face is valid, and under the pretended authority thereof the defendants in this action are taking steps which will produce great and irreparable damages to complainant.

I. The appeal is authorized by § 6 of the act of March 3, 1891, because the jurisdiction of the Circuit Court rests not only on diverse citizenship but also on a controversy arising under the Fourteenth Amendment. *Loeb* v. *Columbia Township Trustees,* 179 U. S. 472; *American Sugar Refining Co.* v. *New Orleans,* 181 U. S. 277; *Huguley Mfg. Co.* v. *Galeton Mills,* 184 U. S. 290.

II. While § 720, Rev. Stat., prohibits an injunction to stay proceedings in any court of a State, it does not prohibit an in-

junction against parties who are attempting acts of trespass under color of a void order or judgment. If the order be void upon its face, ordinarily a defence thereto is ample at law; but if valid upon its face, as in this case, equity will relieve. *York* v. *Texas*, 137 U. S. 15; *Pennoyer* v. *Neff*, 95 U. S. 714; *Northern Pacific Ry. Co.* v. *Kúrtzman*, 82 Fed. Rep. 241, and cases cited on p. 243; *Terre Haute etc. Ry. Co.* v. *Peoria etc. Ry. Co.*, 82 Fed. Rep. 943. The difference between staying proceedings in a court and restraining trespass under a void judgment or order of a court acting without jurisdiction is fundamental. *Fitts* v. *McGhee*, 172 U. S. 516, 529; *Osborn* v. *Bank*, 9 Wheat. 738; *Smyth* v. *Ames*, 169 U. S. 466; *Balt. & O. R. Co.*, v. *Wabash R. Co.*, 119 Fed. Rep. 678. In fraud cases it has always been argued that relief by injunction could not be granted owing to § 720, but this court has uniformly supported the jurisdiction. *Marshall* v. *Holmes*, 141 U. S. 589, 599; other analogous cases are *French* v. *Hay*, 22 Wall. 238, 248; *Robb* v. *Vos*, 155 U. S. 13, and see cases cited p. 38; *Dietzsch* v. *Huidekoper*, 163 U. S. 494; *Wagner* v. *Drake*, 31 Fed. Rep. 849; *National Surety Co.* v. *State Bank*, 120 Fed. Rep. 593. Section 720 is limited by the due process of law provision of the Fourteenth Amendment. Decisions holding that replevin or injunction will not lie against an officer in possession of property of a stranger to the proceeding, at the suit of such stranger, are entirely consistent with the proposition that the property owner may maintain a suit to protect it against one assuming to act under void process. *Kern* v. *Huidekoper*, 103 U. S. 485, in which *Taylor* v. *Carryl*, 20 How. 583; *Freeman* v. *Howe*, 24 How. 450; *Buck* v. *Colbath*, 3 Wall. 334, are distinguished; *Gumbel* v. *Pitkin*, 124 U. S. 131, 146. See also *Julian* v. *Central Trust Co.*, 115 Fed. Rep. 956; *Shields* v. *Coleman*, 157 U. S. 168, 182; *Central Nat. Bk.* v. *Stevens*, 169 U. S. 432; *Simpson* v. *Ward*, 80 Fed. Rep. 561.

The proposition that to determine the invalidity of, and give relief against, a state court order alleged to be void for want of jurisdiction it would be necessary to exercise appellate or revisory jurisdiction over that court has been answered by this court. *Johnson* v. *Waters*, 111 U. S. 640, 667; *Marshall* v.

*Holmes,* 141 U. S. 589, 599 ; *Arrowsmith* v. *Gleason,* 129 U. S. 86, 98. Under § 285, Civil Code of Kentucky, the state courts are prohibited from enjoining the execution of a judgment of another court of the State even though void, *Jacobsen* v. *Wernert,* 19 Ky. L. R. 662; and in a case like this no relief can be had except in the Federal courts, which are not bound by such a statute. *Barrow* v. *Hunton,* 99 U. S. 80.

III. Although in every case of special appearance to contest jurisdiction an issue is raised as to facts warranting jurisdiction, the defendant does not waive any right by the special appearance. *Harkness* v. *Hyde,* 98 U. S. 476 ; *Mex. Cent. Ry.* v. *Pinkney,* 149 U. S. 194, 209 ; *Goldey* v. *Morning News,* 156 U. S. 518, 526. There is no rule in Kentucky that such an appearance constitutes a general appearance, as was the case in *York* v. *Texas,* 137 U. S. 15, and *Kauffman* v. *Wootters,* 138 U. S. 285, but the rule is as above stated; but an appeal cannot be taken without entering a general appearance. *Sun Mut. Ins. Co.* v. *Crist,* 19 Ky. L. R. 305 ; *Newport News etc. Co.* v. *Thomas,* 96 Kentucky, 613 ; *Chesapeake etc. R. Co.* v. *Heath,* 87 Kentucky, 651, 659 ; *Maude* v. *Rodes,* 4 Dana, 147.

The ruling of a state court in determining its own jurisdiction is not conclusive in a direct proceeding to set aside a judgment or to enjoin its enforcement. *Rose* v. *Himely,* 4 Cranch, 241, 268 ; *Elliott* v. *Peirsol,* 1 Pet. 328, 340 ; *Harris* v. *Hardeman,* 14 How. 334, 341 ; *Starbuck* v. *Murray,* 5 Wend. 148, 158 ; *Thompson* v. *Wallace,* 18 Wall. 457, 468 ; and see also *Cooper* v. *Newell,* 173 U. S. 555, and cases cited p. 565 ; and cases, *supra.* In cases of removal to the Federal courts the decision of the state court in favor of its own jurisdiction is regarded as a usurpation. *Gordon* v. *Longest,* 16 Pet. 97, 104 ; *Insurance Co.* v. *Dunn,* 19 Wall. 214, 224 ; *Removal Cases,* 100 U. S. 457, 475 ; *Railroad Co.* v. *Mississippi,* 102 U. S. 135.

The authority of the insurance commissioner of the State to represent the association did not continue after its exclusion from the State. *Home Ben. Soc.* v. *Muehl,* 59 S. W. Rep. 520, distinguished, and see *Forrest* v. *Pittsburgh Bridge Co.,* 116 Fed. Rep. 357. A state court cannot, under pretence of construing a statute, affect the right or duty of the Federal court

to determine if a corporation was actually served within the jurisdiction. *Swann* v. *Mut. Res. F. L. Assn.*, 100 Fed. Rep. 922; *Millan* v. *Mut. Res. F. L. Assn.*, 103 Fed. Rep. 764; *Friedmann* v. *Empire L. Ins. Co.*, 101 Fed. Rep. 535; *Mut. Res. F. L. Assn.* v. *Boyer*, 62 Kansas, 31, 37–42; *St. Clair* v. *Cox*, 106 U. S. 350; *People* v. *Com. Alliance L. Ins. Co.*, 7 N. Y. App. Div. 297. The inquiry as to whether the state court acquires jurisdiction is a Federal question. *Pennoyer* v. *Neff*, 95 U. S. 714, 733; *Conn. Mut. L. Ins. Co.* v. *Spratley*, 172 U. S. 602, 609; *McCord Lumber Co.* v. *Doyle*, 97 Fed. Rep. 22.; *Moredock* v. *Kirby*, 118 Fed. Rep. 180; *Cady* v. *Associated Colonies*, 119 Fed. Rep. 420. See also *Williamson* v. *Berry*, 8 How. 495, 540.

As to the receivership proceeding, *Davidson* v. *Simmons*, 11 Bush, 330, does not apply, but a summons was requisite to jurisdiction. *Caldwell* v. *Bank*, 58 S. W. Rep. 589; *McCallister's Adm'r* v. *Savings Bk.*, 80 Kentucky, 684; *Brownfield* v. *Dyer*, 7 Bush, 505; *Hull* v. *Crogan*, 78 Kentucky, 11; *Kelly* v. *Stanley*, 86 Kentucky, 240; *Redwine* v. *Underwood*, 101 Kentucky, 191; §§ 70, 439, 441, Civil Code of Kentucky.

Kentucky statutes, 1899, §§ 965, 968, limit the control of courts over judgments for sixty days. *Louisville etc. Lime Co.* v. *Kerr*, 78 Kentucky, 12. Judgments cannot be controlled by the court after the term is over. *Brooks* v. *Railroad Co.*, 102 U. S. 107; *Muller* v. *Ehlers*, 91 U. S. 249; *City of Manning* v. *German Ins. Co.*, 107 Fed. Rep. 52; *Elder* v. *Richman etc. Min. Co.*, 58 Fed. Rep. 536; *Van Dorn* v. *Penn. R. R. Co.*, 93 Fed. Rep. 260. See also *Sibbald* v. *United States*, 12 Pet. 488, 492; *Bronson* v. *Schulten*, 104 U. S. 410, 415; *Phillips* v. *Negley*, 117 U. S. 665, 672; *Hickman* v. *Ft. Scott*, 141 U. S. 415; *Morgan's S. S. Co.* v. *Texas etc. Ry. Co.*, 32 Fed. Rep. 525, 530; *McGregor* v. *Vermont L. & T. Co.*, 104 Fed. Rep. 709; *United States* v. *1621 Lbs. of Fur Clippings*, 106 Fed. Rep. 161; *Reynolds* v. *Manhattan Trust Co.*, 109 Fed. Rep. 97.

In Kentucky the filing of an amended or other pleading after judgment necessarily requires reopening the case and setting aside the judgment, and this can only be done in accordance with § 579. *Brown* v. *Vancleave*, 86 Kentucky, 381; *Meadows*

v. *Goff*, 90 Kentucky, 540; Civil Code Kentucky, §§ 342, 414, 518, 520; *Anderson* v. *Anderson*, 18 B. Mon. 95; *Hocker* v. *Gentry*, 3 Met. 463, 469; *Scott* v. *Scott's Exr.*, 9 Bush, 174; *Coffey* v. *Proctor Coal Co.*, 14 Ky. L. R. 415; *Maddox's Exr.* v. *Williams*, 87 Kentucky, 147.

In Kentucky a void judgment binds nobody, but may be resisted collaterally as well as attacked directly. *Spencer* v. *Parsons*, 89 Kentucky, 577; *Stevens* v. *Deering*, 10 Ky. L. R. 393; *Jacobsen* v. *Wernert*, 19 Ky. L. R. 662. There is nothing in these principles inharmonious with the rule that a court's jurisdiction continues until the judgment is satisfied. *Weyman* v. *Southard*, 10 Wheat. 1; *Riggs* v. *Johnson County*, 6 Wall. 166, 187, 197; *Covell* v. *Heyman*, 111 U. S. 176, 183; *Rio Grande R. R. Co.* v. *Gomila*, 132 U. S. 478, 483. The determination of the state court as to form of procedure not involving jurisdiction is conclusive. *Cornett* v. *Williams*, 20 Wall. 226, 250; *Laing* v. *Rigney*, 160 U. S. 531; *Hekking* v. *Pfaff*, 82 Fed. Rep. 403; *Lynde* v. *Lynde*, 181 U. S. 183; *Fish* v. *Smith*, 73 Connecticut, 377, 391.

*Mr. Benjamin F. Washer*, with whom *Mr. Frederick Forcht*, *Mr. William H. Field* and *Mr. Norton L. Goldsmith* were on the brief, for appellees.

I. The judgment of the state court was valid, being based upon jurisdiction in the court both of the subject matter and of the parties. The service on the insurance commissioner was sufficient. *Conn. Mut. L. Ins. Co.* v. *Spratley*, 172 U. S. 602; *Swann* v. *Mut. Res. F. L. Assn.*, 100 Fed. Rep. 922; Kerr on Insurance, § 26; *Home Ben. Soc.* v. *Muehl*, 22 Ky. L. R. 1378; *Germania Ins. Co.* v. *Ashby*, 23 Ky. L. R. 1564. A state court can construe its own statutes. *Commercial Bank* v. *Buckingham*, 5 How. 317; *Lawler* v. *Walker*, 14 How. 149; *Central Land Co.* v. *Laidley*, 159 U. S. 103. The second summons was properly served on one who was ascertained to be the local treasurer of the defendant. All questions raised and determined in the state court were in the Federal court *res adjudicata*. *Mock* v. *Insurance Co.*, 10 Fed. Rep. 696; Work on Courts and their Jurisdiction, p. 164; Black on Judgments, § 273.

II. The appointment of the receiver was valid and the procedure adopted was legally sufficient. *Caldwell* v. *Deposit Bank*, 18 Ky. L. R. 156; *Lewis* v. *Deposit Bank*, 22 Ky. L. R. 684; *Brown* v. *Vancleave*, 86 Kentucky, 381; *Meadows* v. *Goff*, 90 Kentucky, 540; *Leathe* v. *Thomas*, 97 Fed. Rep. 136. *Laing* v. *Rigney*, 160 U. S. 542, cited and distinguished. A court of equity has power to sequester property through the medium of a receivership when the circumstances of the cause appear to demand such action. *Shields* v. *Coleman*, 157 U. S. 178; Thompson on Corp. § 6880; Cook on Corp. § 863, p. 2017; *Commercial Bank* v. *Corbett*, 5 Sawyer, 172. The appointment of the receiver was a question of procedure only, and due process of law under the Fourteenth Amendment was not involved. *Missouri* v. *Lewis*, 101 U. S. 31; *Walker* v. *Sauvinet*, 92 U. S. 93; *Brown* v. *New Jersey*, 175 U. S. 172; *Hurtado* v. *California*, 110 U. S. 516; *Hodgson* v. *Vermont*, 168 U. S. 262; *Bolln* v. *Nebraska*, 176 U. S. 83; *Iowa Central* v. *Iowa*, 160 U. S. 389.

III. The proceedings subsequent to the rendition of the judgment were not removable to the Federal court; the proceeding was in execution of a judgment. *Dere* v. *Strother*, 10 Fed. Rep. 406; *Cook* v. *Whitney*, 3 Woods, 715; *Claflin* v. *McDermott*, 12 Fed. Rep. 375; *Cortes Co.* v. *Thannhausen*, 9 Fed. Rep. 226; Desty's Fed. Procedure, 9th ed. p. 448. The petition came too late. *Fidelity Trust Co.* v. *N. M. & M. Co.*, 70 Fed. Rep. 403. The construction by the state court of § 631 of Kentucky statutes will be adopted by the Federal court if it does not violate the Constitution. *Com. Bank* v. *Buckingham*, 5 How. 326; *Murray* v. *Gibson*, 15 How. 423; Guthrie on Fourteenth Amendment, p. 44.

IV. The property impounded by the receivership was not a trust fund exempt from process in this suit. *Missionary Soc.* v. *Hinman*, 13 Fed. Rep. 161; *Beckett* v. *Sheriff*, 21 Fed. Rep. 32; *Simpson* v. *Ward*, 80 Fed. Rep. 561. The state court was the proper tribunal to decide this question. *Dere* v. *Strother* 10 Fed. Rep. 406; *Riggs* v. *Johnson County*, 6 Wall. 198; *Central Bank* v. *Stevens*, 169 U. S. 432.

V. No multiplicity of suits was threatened.

VI, VII. The state court possessed jurisdiction, and the receivership was only a proceeding to aid execution of the judgment previously obtained ; and the Federal court was without authority to enjoin. § 720, U. S. Rev. Stat.; *Diggs* v. *Walcott*, 4 Cranch, 179 ; *Taylor* v. *Carryl*, 20 How. 583, and English decisions there cited as to jurisdiction ; *Peck* v. *Jennes*, 7 How. 612 ; *Covell* v. *Heyman*, 111 U. S. 179 ; *Senior* v. *Pierce*, 31 Fed. Rep. 628 ; *Dohn* v. *Ryan*, 31 Fed. Rep. 638 ; *Rothschild* v. *Harbrook*, 65 Fed. Rep. 284 ; *In Re Hall*, 73 Fed. Rep. 530 ; *Leathe* v. *Thomas*, 97 Fed. Rep. 136 ; *Mills* v. *Provident Trust Co.*, 100 Fed. Rep. 344 ; *Southern Bank* v. *Thornton*, 75 Fed. Rep. 929 ; *Freeman* v. *Howe*, 24 How. 450 ; *Buck* v. *Colbath*, 13 Wall. 334 ; *Am. Assn.* v. *Hurst*, 59 Fed. Rep. 5 ; *Hutchinson* v. *Green*, 6 Fed. Rep. 838 ; *Rensselaer* v. *Bennington R. Co.*, 18 Fed. Rep. 617 ; *Yick Wo* v. *Crowley*, 26 Fed. Rep. 207 ; *Rhodes Mfg. Co.* v. *New Hampshire*, 70 Fed. Rep. 72 ; *Dillon* v. *Kansas City R. Co.*, 43 Fed. Rep. 111 ; *Missouri R. Co.* v. *Scott*, 13 Fed. Rep. 793 ; *Tarble's Case*, 13 Wall. 401 ; *Gates* v. *Bucki*, 53 Fed. Rep. 964. Cases cited by appellant distinguished.

VIII. The proper method of bringing to the attention of a Federal court the decision of a state court involving the merits or jurisdiction is by an appeal to the highest court of the State and then a writ of error to the Supreme Court of the United States. *C. & O. R. R. Co.* v. *White*, 111 U. S. 137, and cases cited ; *Peck* v. *Jennes*, 7 How. 612 ; cases cited in Judge Lurton's opinion below. A writ of prohibition might have been secured from the Kentucky Court of Appeals if the lower court was proceeding without jurisdiction. *Weaver* v. *Toney*, 107 Kentucky, 419, and see *Youngstown Bridge Co.* v. *White's Admr.*, 105 Kentucky, 282.

MR. JUSTICE BREWER, after making the foregoing statement, delivered the opinion of the court.

Many questions were elaborately discussed by counsel both orally and in brief, but we are of the opinion that the decisions of two or three will dispose of the case. First, the service of summons on the insurance commissioner was sufficient to bring

the association into the state court as party defendant. It was stipulated between the parties that the outstanding policies existing between the association and citizens of Kentucky were continued in force after the action of the insurance commissioner on October 10, 1899, and that on said policies the association had collected and was collecting dues, premiums and assessments. It was, therefore, doing business within the State. *Mutual Life Insurance Company* v. *Spratley*, 172 U. S. 602. The plaintiff was a citizen of Kentucky, and the cause of action arose out of transactions had between the plaintiff and defendant while the latter was carrying on business in the State of Kentucky under license from the State. Under those circumstances the authority of the insurance commissioner to receive summons in behalf of the association was sufficient. Such was the ruling of the Court of Appeals of Kentucky. *Home Benefit Society of New York* v. *Muehl*, 22 Ky. Law Rep. 1378; 59 S. W. Rep. 520. In that case the society while doing business in the State issued the policy sued on, but in April, 1894, before the action was brought, ceased to do business and withdrew all of its agents. Service on the commissioner was held good. The court, in its opinion, after referring to a statute of 1870 and the change made by section 631, under which this service was made, said (p. 1379):

" It is sufficient to say that the agency created by the act of 1893 is, in its terms, broader than that created by the act of 1870. The words of the later statute express no limitation. Whatever limitation shall be applied to it must be by implication. And when we consider the purpose of the act it becomes clear that it would be frustrated by the construction contended for. There is no need of the right to serve process upon the insurance commissioner so long as the company has agents in the State, and we think the purpose of the section was to provide a means of obtaining service of process upon foreign companies which no longer had agents in the State upon whom process might be served in suits upon contracts made in this State, whatever may be held as to suits upon contracts entered into elsewhere." See also *Germania Ins. Co.* v. *Ashby*, 23 Ky. Law Rep. 1564.

Such decision of the highest court of Kentucky, construing one of its own statutes, if not controlling upon this court, is very persuasive, and it certainly is controlling unless it be held to be merely an interpretation of a contract created by the statute. As an original question, and independently of any expression on the part of the Court of Appeals, we are of the opinion that such is the true construction. This and other kindred statutes enacted in various States indicate the purpose of the State that foreign corporations engaging in business within its limits shall submit the controversies growing out of that business to its courts, and not compel a citizen having such a controversy to seek for the purpose of enforcing his claims the State in which the corporation has its home. Many of those statutes simply provided that the foreign corporation should name some person or persons upon whom service of process could be made. The insufficiency of such provision is evident, for the death or removal of the agent from the State leaves the corporation without any person upon whom process can be served. In order to remedy this defect some States, Kentucky among the number, have passed statutes, like the one before us, providing that the corporation shall consent that service may be made upon a permanent official of the State, so that the death, removal or change of officer will not put the corporation beyond the reach of the process of the courts. It would obviously thwart this purpose if this association, having made, as the testimony shows it had made, a multitude of contracts with citizens of Kentucky, should be enabled, by simply withdrawing the authority it had given to the insurance commissioner, to compel all these parties to seek the courts of New York for the enforcement of their claims. It is true in this case the association did not voluntarily withdraw from the State, but was in effect by the State prevented from engaging in any new business. Why this was done is not shown. It must be presumed to have been for some good and sufficient reason; and it would be a harsh construction of the statute that, because the State had been constrained to compel the association to desist from engaging in any further business, it also deprived its citizens who had dealt with the association of

the right to obtain relief in its courts.  We conclude, therefore, that the service of summons on the insurance commissioner was sufficient to bring the association into the state court, and there being nothing else to impeach the judgment it must be considered as valid.

Again, the proceeding for the appointment of a receiver was not a new and independent suit.  It was not in the strictest sense of the term a creditor's bill.  It did not purport to be for the benefit of all creditors, but simply a proceeding to enable the plaintiff in the judgment to obtain satisfaction thereof, satisfaction by execution at law having been shown to be impossible by the return of *nulla bona.*  It is what is known as a supplementary proceeding, one known to the jurisprudence of many States, and one whose validity in those States has been recognized by this court.  *Williams* v. *Hill,* 19 How. 246 ; *Atlantic & Pacific Railroad Company* v. *Hopkins,* 94 U. S. 11 ; *Ex parte Boyd,* 105 U. S. 647 ; *Street Railroad Company* v. *Hart,* 114 U. S. 654.  It is recognized in some cases in Kentucky.  *Caldwell* v. *Bank of Eminence,* 18 Ky. Law Rep. 156 ; *Caldwell* v. *Deposit Bank,* 22 Ky. Law Rep. 684.  This proceeding was treated by the state court as one merely supplemental in its character.  It was initiated by the filing of an amended and supplementary petition.  It was a mere continuation of the action already passed into judgment, and in aid of the execution of such judgment.  As such it was not subject to removal to the Federal court, the time therefor prescribed by the statute having passed.  24 Stat. 554 ; *Martin* v. *Baltimore & Ohio Railroad,* 151 U. S. 673–684.  Being a mere continuation of the action at law, and not removable to the Federal court, the latter had no jurisdiction to enjoin the proceedings under it.  It is contended that such a supplementary proceeding is not warranted by the laws of Kentucky ; that there is no statute of that State justifying it.  But it has been sanctioned by the judgment of the court in which the proceeding was had, and cannot be treated by the Federal courts as unauthorized.  *Laing* v. *Rigney,* 160 U. S. 531.  See also *Leadville Coal Co.* v. *McCreery,* 141 U. S. 475, 478.  If not warranted by the law of the State relief must be sought by re-

view in the appellate court of the State, and not by collateral attack in the Federal court.

For these reasons we think the decision of the Court of Appeals of the Sixth Circuit was right, and it is

*Affirmed.*