## OLSON v. BUFFALO HUMP MIN. CO.

(Circuit Court, D. Washington, E. D. May 28, 1904.)

No. 1,032.

1. TRANSITORY ACTIONS—JURISDICTION.

An action for personal injuries to a servant is transitory, and may be prosecuted in any jurisdiction in which judicial process may be lawfully served on the defendant.

2. CORPORATIONS—DOMICILE.

A corporation organized under the laws of a particular state has its legal home and domicile within such state.

3. SAME—FOREIGN CORPORATIONS—ACTIONS—SERVICE OF PROCESS—AGENTS.

Pierce's Code Wash. § 7216, prescribing the conditions under which a foreign corporation may do business within the state, requires it to have a resident agent authorized to accept service of process in any action or suit pertaining to the property, business, or transactions of such corporation within the state of Washington in which such corporation may be a party. The statute also requires the corporation to keep continually some resident agent empowered as aforesaid, and declares that service of process on him shall constitute service on the corporation. *Held*, that such statute only authorizes service on the agent of a foreign corporation in actions arising within the state, and does not justify such service in a transitory action by a servant for personal injuries occurring in another state.

At Law.

Action at law, commenced in the superior court of the state of Washington for Spokane county by a citizen of the state of Idaho against a New York corporation to recover damages for a personal injury suffered by the plaintiff while at work in a mine operated by the defendant in the state of Idaho. Heard on motion to quash the service of summons, on the ground that the defendant is not amenable to judicial process in the state of Washington at the suit of a nonresident. Motion granted.

Robertson, Miller & Rosenhaupt, for plaintiff.

W. J. Thayer, for defendant.

HANFORD, District Judge. The defendant, having removed this cause from the state court in which it was commenced to this court, now insists upon its motion filed in the state court to quash the service of summons. The case presents squarely the question whether a foreign corporation can be brought into court in this state by service upon a statutory agent of compulsory process, at the suit of a nonresident, to defend its rights in a transitory action based entirely upon transactions in another state.

An action of the class to which this case belongs may be prosecuted in any jurisdiction in which judicial process can be lawfully served upon the defendant. It is settled law that a corporation created by and organized under the laws of a particular state has its legal home and domicile within the state whose laws give to it legal existence. Shaw v. Quincy Mining Company, 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768. It can act elsewhere only through an authorized repre-

¶ 3. Service of process on foreign corporations, see note to Eldred v. American Palace Car Co., 45 C. C. A. 3.

sentative, and the only way in which a court in any state can acquire jurisdiction to enforce a personal liability of a foreign corporation is by service of its jurisdictional process upon an authorized agent or representative of such foreign corporation. By the foregoing observations the inquiry necessary in the consideration of the motion in this case is narrowed to the simple question whether the person upon whom the summons was served was at the time of the service an authorized representative of the defendant. It appears that he was a statutory agent of the defendant, and had only the limited authority which the laws of this state require foreign corporations to confer upon an agent residing within the state as a condition prerequisite to the right of such corporation to transact business within this state. By that fact this case must be distinguished from Smith v. Empire State-Idaho Mining & Development Company, 127 Fed. 462, in which this court sustained the validity of service upon the secretary of a foreign corporation having its principal office within this state, the service having been made upon the secretary pursuant to an express statutory provision authorizing service of a summons in a civil action to be made upon such officer. In the case now under consideration, as Mr. Goodspeed, upon whom the summons was served, was not one of the principal officers of the corporation, and had no other authority than that of statutory agent, it becomes necessary to look to the statute in order to ascertain the scope and limitations of his authority as an agent and representative of the defendant. The statute which prescribes the conditions under which a foreign corporation may do business in this state requires it to have a resident agent authorized "to accept service of process in any action or suit pertaining to the property, business or transactions of such corporation within this state in which such corporation may be a party." Pierce's Code Wash. § 7216; 1 Ballinger's Ann. Codes & St. Wash. § 4293; 1 Hill's Code, § 1526. The laws of this state do not assume arbitrarily to compel all foreign corporations doing business within the state to submit for adjudication in its courts any and all controversies which may be litigated, nor exact that the resident agent shall be clothed with general authority to bind such corporation by acceptance of service of process in any and all actions and suits in which such corporation may be a party. The requirements of the law were fulfilled by the appointment of an agent residing within this state, with authority to receive process against the defendant in any action or suit pertaining to its property, business, or transactions within this state. The law is plain and unambiguous in this respect, and judicial construction of the law for the purpose of enlarging the authority of an agent is not warranted.

The section of the statute above cited contains another clause, which reads as follows:

"And such corporation shall have and keep continually some resident agent, empowered as aforesaid during all the time such corporation shall conduct or carry on any business within this state, and service of any process, pleading, notice or other paper, shall be taken and held as due service on such corporation."

In behalf of the plaintiff it is contended that a proper construction of this statute requires foreign corporations to have an agent upon

whom process may be served, in addition to an agent authorized to accept service. The words "empowered as aforesaid" refer back to the clause containing the specification of powers required to be conferred, and do not indicate any purpose to require additional or more extended powers. The manifest purpose of the clause last quoted was to bind a foreign corporation by service of writs, pleadings, and notices in litigated cases upon a statutory agent, and to avoid any question as to his discretionary power to refuse acceptance of service. The apparent obscurity of its meaning can be easily removed by connecting the two clauses together, and slightly changing the phraseology of the latter clause so that the reading will be as follows:

"Such corporations shall also constitute and appoint an agent who shall reside at the place in the state where the principal business of the corporation is to be carried on, to be designated as hereinafter required. Such appointment shall be in writing, signed by the president or chief officer of such corporation, and shall be attested by its corporate seal, * * * and shall authorize such agent to accept service of process in any action or suit pertaining to the property, business, or transactions of such corporation within this state in which such corporation shall be a party. * * * And such corporation shall have and keep continually [a] resident agent, empowered as aforesaid during all the time such corporation shall conduct or carry on any business within this state, and service [upon him] of any process, pleading, notice or other paper, shall be taken and held as due service on such corporation [notwithstanding his refusal on any ground to accept service voluntarily]. * * *"

In this reading substituted and additional words are inclosed in brackets. According to what I deem to be the only true construction of the statute, foreign corporations are not obliged to confer authority upon their agents within this state to represent them in litigation which does not pertain to either property situated within this state, or business conducted or carried on in this state, or transactions within this state; and that an agent of a foreign corporation having only the authority which the statute requires foreign corporations to confer is not a representative through whom a foreign corporation can be coerced to submit for adjudication any other controversy, and that the cause of action alleged in the plaintiff's complaint in this case cannot be litigated within this state so long as the defendant declines to waive its legal objections to the jurisdiction of the courts.

For this reason the motion to quash the service must be granted.