BLACKWELL v. LIFE ASSOCIATION.

(Filed April 17, 1906).

*Foreign Insurance Companies—Assets—Receiver—Assessments—Void Provisions in Insurance Contracts.*

1. A receiver for a foreign insurance company will not be appointed where the company has no assets or property other than assessments to become due, within this State, which can be taken into possession of such receiver.

2. Assessments to become due from policy holders residing in this State will not be, when due, debts or choses in action which the company could enforce.

3. Where the contract of insurance expressly provides that a certain percentage of the assessments shall be set apart for the purposes therein set forth, the court could not through a receiver, compel the payment of an assessment to be appropriated to plaintiff's claim, in violation of the terms of the contract and the rights of the other policy holders.

4. A provision in a contract of insurance that, "This contract shall be governed by, subject to and construed only according to the laws of the State of New York, the place of this contract being expressly agreed to be the home office of said Association in the city of New York," is void so far as the courts of this State are concerned.

ACTION by James W. Blackwell against Mutual Reserve Fund Life Association, pending in the Superior Court of DURHAM, and heard by *Judge G. S. Ferguson,* at Chambers in Greensboro, on February 15, 1906.

Plaintiff sued to recover amount of premiums paid defendant company, $2,314, on account of assessments upon a policy of $25,000, which he alleges was wrongfully and, in violation of terms of the contract, cancelled by defendant. He remitted the excess over $2,000. After setting forth the facts upon which his alleged cause of action is based, he alleges

that defendant having, in compliance with the laws of this State, appointed an agent upon whom services of process could be served, fraudulently and for the purpose of preventing suits being brought in the courts of the State, attempted to cancel its power of attorney. That plaintiff's policy was issued while said power of attorney was in force and while defendant was engaged in soliciting business and issuing policies in this State. That defendant has now in force a large number of policies issued to citizens and residents of this State and that it is collecting assessments or premiums on said policies. That for the purpose and with intent to defraud its North Carolina policy holders, defendant is taking from the State and the jurisdiction of the courts its assets and property. That the Insurance Commissioner of this State has prepared and published a statement showing that the affairs of defendant company are badly managed, that judgments against it for large amounts are unpaid and outstanding. That from said publication and other sources set out in his affidavits plaintiff believes that defendant company is insolvent or in imminent danger of insolvency. For the reasons and upon the grounds thus set forth plaintiff asks that a receiver be appointed by the court to take in to his possession a sufficient amount of the property and assets of defendant in this State to satisfy and discharge his claim, etc. An order was duly issues directing defendant to show cause before the judge presiding in the 9th Judicial District why a receiver should not be appointed as prayed, etc.

The defendant company on the return of said order filed an answer and affidavits in support thereof, denying the material allegations contained in plaintiff's complaint and affidavits. Defendant also denied that it owned any property or assets in this State and averred that no person residing in this State was indebted to it. That the payment of the assessments made upon policy holders was voluntary and that by the express terms of the policy, a copy of which is set out,

the holder assumes no personal liability for the payment of said assessments. That by the terms of said policy failure to pay the assessment works a forfeiture thereof, but imposes no other liability upon or against the holder. That said assessments are due and payable at the home office of defendant company in New York. It denies that it is insolvent or in imminent danger of becoming so, setting forth a statement of its assets and liabilities. It avers that it cancelled the power of attorney to its agent without any other purpose than to cease doing business in the State and without any intent or purpose to defraud its creditors or policy holders. His Honor, upon hearing the answer and affidavits, declined to appoint a receiver. Plaintiff appealed.

*Guthrie & Guthrie* for the plaintiff.
*Winston & Bryant* and *Hinsdale & Son* for the defendant.

CONNOR, J., after stating the case: In view of the admitted facts in regard to the property rights, or rather absence of such rights, within the jurisdiction of the courts of this State, we are relieved from the necessity of discussing the affidavits in regard to the management and solvency of the defendant company. Assuming that, upon the facts stated in the complaint, in the light of the decisions of this court in which the same defendant was a party, plaintiff has a valid cause of action, and assuming that defendant is in danger of becoming insolvent, we find ourselves confronted with the difficulty in granting the motion for a receiver by the fact that the company has no assets within this State which could be taken into possession of such receiver. The only rights suggested by plaintiff in this connection are assessments to become due hereafter from policy holders residing in this State. These assessments will not be, when due, debts or choses in action which the defendant could enforce. "The levying of an assessment does not make a member a

debtor to the association, authorizing it to bring suit in the event of his neglect or refusal to pay; the only effect of the default is to relieve the association of its obligation to the member." Cooley on Ins. Briefs, 1013; *Ins. Co. v. Stathan,* 93 U. S., 24; 2 May on Ins. (3 Ed.), 341. The law, supported by authority, is thus stated in Bacon on Benefit Soc., sec. 357: "In a contract of life insurance there is generally no absolute undertaking of the insured to pay the premiums or assessments, and consequently no personal liability therefor. The payment of the premium or assessment is only a condition precedent of the liability of the company; the insured does not promise to pay the premiums and the company only promises to pay if it has received the agreed consideration. Therefore the insured may pay or not as he pleases; he has the perfect right to do either and need give no excuse for his choice. If he does not pay, the contract is ended." While the court would be prompt to protect by any process within its power, the rights of a citizen against a foreign corporation and hold any property within its jurisdiction to meet the demand when established by judgment, it will not do a vain thing and send its officer to chase unsubstantial possibilities. The only effect of the appointment of a receiver in this case would be to embarrass and probably injure other policy holders, without any resultant benefit to plaintiff. If the receiver demanded payment of an assessment and it was refused, he could not enforce its payment—he having no other right against the policy holder than the defendant company has. If he should seek to enjoin payment to the company he would be met with the obstacle that if the courts of this State enjoined such payment, the policy would be avoided for non-payment of assessment. If so declared avoided by the company, this court would have no power to protect the policy holder by *mandamus* or otherwise. Without pursuing the discussion further, it is manifest that no possible benefit could accrue to the plaintiff, and

much annoyance and injury to innocent persons. "The lia-
bility of the members of the mutual insurance companies
upon their premium notes, is not increased by reason of the
insolvency of the corporation and the appointment of a re-
ceiver, since the receiver is merely substituted in place of the
directors of the company and vested with their rights and
powers and nothing more." Ald. on Rec., section 372. The
power of receiver to enforce assessments made upon unpaid
stock is based upon the fact that the delinquent stockholder
owes a debt to the company for which it could maintain an
action; whereas for an assessment upon an insurance policy,
as we have seen, no action could be maintained by the com-
pany. Again, it seems to be established by the authorities
cited in the well considered brief of defendant's counsel that
such assessments as are levied under the provisions of the
policies issued by defendant company are when paid im-
pressed with a trust for the benefit of the other policy hold-
ers. The contract of insurance expressly provides that a
certain percentage of the assessments shall be set apart for
the purposes set forth therein. We could not, through a
receiver, compel the payment of an assessment to be appro-
priated to plaintiff's claim in violation of the terms of the
contract and the rights of other policy holders. The plain-
tiff has no lien or specific claim to any portion of the assets
of the company. This plaintiff, together with thousands of
others, has entered into a contract of insurance with a cor-
poration having no capital or assets within reach of the
courts of his State, and with but little, if any, substantial
guaranties of compliance with its contract. By a very re-
markable provision, which if read should have put plaintiff
upon notice, the contract declares that, "This contract shall
be governed by, subject to and construed only according to
the laws of the State of New York, the place of this contract
being expressly agreed to be the home office of said Associa-
tion in the city of New York," is void so far as the courts

of this State are concerned. Rev., sec. 4806. It seems from his account of the dealings between the company and himself that he has expended a considerable amount of good money with a poor prospect of realizing any very substantial returns. The courts of this State in the trial of his cause will adjudge his rights, but it seems that, as others have been compelled to do, he must pursue his remedy to reach assets of the defendant in the courts of New York. We do not entertain any doubt of the power of the courts of this State, either by attachment or, in proper cases, the appointment of a receiver, to seize and retain any property of a foreign corporation in this State and apply it to the payment of debts due our citizens. The exercise of this power does not involve winding up the affairs of the corporation. It is only for the purpose of securing the fruits of the recovery. The question is fully discussed by *Mr. Justice Walker* in *Holshouser v. Copper Co.,* 138 N. C., 248. We have examined the case of *Ins. Co. v. Phelps,* 190 U. S., 147, cited by plaintiff. The only question decided upon that appeal related to service of process and procedure. It is true that the court of Kentucky appointed a receiver after judgment in an action against this defendant. Whether there was property other than assessments to become due does not appear.

For the reasons set out His Honor's judgment must be

Affirmed.