## LYDEN v. WESTERN LIFE INDEMNITY CO.

### (District Court, W. D. Washington, S. D.   April 10, 1913.)

### No. 1,276.

INSURANCE (§ 26*)—ACTION AGAINST INSURANCE COMPANY—PROCESS—SERV-
ICE ON INSURANCE COMMISSIONER—VALIDITY.

Under Insurance Code Wash. (Laws 1911, c. 49) §§ 13, 13½, entitled "An act to regulate the government of insurance companies and insurance business," requiring the appointment of an insurance commissioner, and declaring that in any action or proceeding against a foreign insurance company authorized to do business within the state process may be served on such commissioner with the same effect as if the company were a domestic company having its principal office in the county where the suit is instituted, service on the insurance commissioner is not limited to actions on policies, but was proper in an action against a foreign insurance company for breach of an insurance agency contract.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 33; Dec. Dig. § 26.*]

At Law.   Action by B. L. Lyden against the Western Life Indemnity Company.   On motion to quash service of summons on State Insurance Commissioner, on the ground that the action was not based on an insurance contract.   Motion denied.

L. I. Lefebvre and J. W. Selden, both of Tacoma, Wash., for plaintiff.

H. W. Lueders, of Tacoma, Wash., for defendant.

CUSHMAN, District Judge.   This matter is before the court upon motion to quash the service of summons, after removal from the state court.

The complaint alleges that plaintiff is a resident of the state of Washington; that the defendant is an Illinois insurance company, regularly licensed and doing business pursuant to the laws of the state of Washington; that plaintiff moved from Washington to Pennsylvania to enter the service of the defendant in Pennsylvania, incurring certain expenses in moving, all under contracts with the defendant, by the terms of which the defendant agreed to pay such expenses. Recovery of damages is asked for the breach of the contracts.

The motion to quash service is upon the ground that the contract was made in Illinois for the performance of services by the plaintiff in Pennsylvania; that it in no way arises out of any insurance contract; that it is a transitory action, upon which suit can only be had in Illinois; that the service of summons on the Washington State Insurance Commissioner was without effect and should be quashed.

The return of service is not contained in the transcript from the

state court; but it appears from the motion to quash and the affidavit supporting it that service of summons was made upon the Insurance Commissioner.

"That prior to the time and up to the time that said transaction, out of which said cause of action arose, was entered into, B. L. Lyden (the plaintiff) was the agent for said company in Pierce county, Wash., but removed therefrom and went to Pennsylvania. That at no time since has said company had any agent to transact business for said company, excepting that J. W. Selden, plaintiff's attorney, was authorized to receive premiums on commission and forward the same to the home office in Chicago, and that said Selden was acting in such capacity at the time said suit was commenced."

From the affidavits in opposition to the motion, which are undenied, it appears that the defendant had, in accordance with the laws of the state of Washington, constituted the Insurance Commissioner of the state of Washington its attorney in fact for the purpose of receiving any and all services of process; that from the business of insurance heretofore written by the defendant, it is, at the present time, collecting from the residents of the state of Washington, in premiums, approximately the sum of $1,000 per month.

The plaintiff cites the following authorities: Connecticut Mut. Life Ins. Co. v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. Ed. 569; Mutual Reserve Fund Life Ass'n v. Phelps, 190 U. S. 147, 23 Sup. Ct. 707, 47 L. Ed. 987; section 13, p. 173, Washington Session Laws 1911.

The defendant cites the following authorities in support of its motion to quash: Galveston, H. & S. A. Ry. Co. v. Gonzalas, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248; In Re John O. Shaw, Jr., 145 U. S. 445, 12 Sup. Ct. 935, 36 L. Ed. 768; Clarke v. New Jersey Steam Nav. Co., Fed. Cas. No. 2,859; Frawley v. Penn. Cas. Co. (C. C.) 124 Fed. 259; Olson v. Buffalo Hump Min. Co. (C. C.) 130 Fed. 1017; Connor v. Vicksburg Ry. Co. (C. C.) 36 Fed. 273, 1 L. R. A. 331; Jessup v. Ill. Cen. Ry. Co. (C. C.) 36 Fed. 735; Bensinger v. Nat. Cash Reg. (C. C.) 42 Fed. 81; Eagle Life Ass'n v. Redden, 121 Ala. 346, 25 South. 779; sections 206 and 207, Rem. & Bal. Code; Hammel v. Fidelity Mut. Aid Ass'n, 42 Wash. 448, 85 Pac. 35; McMaster v. Thresher Co., 10 Wash. 147, 38 Pac. 760; Act Aug. 13, 1888, c. 866, 25 Stat. at Large, 434, § 1; U. S. Compiled Stat. 1901, p. 508; Rose's Code, vol. 1, §§ 401, 407.

The title to the Washington Insurance Code provides:

"An act to provide an Insurance Code for the state of Washington, to regulate the organization and government of insurance companies and insurance business, to provide penalties for the violation of the provisions of this act, to provide for an insurance commissioner and define his duties, and to repeal all existing laws in relation thereto." Laws of 1911, p. 161.

In the body of the act it is provided:

"The commissioner shall not issue a certificate of authority to transact any business of insurance in this state to any foreign or alien insurance company until it has executed and filed in his office a written appointment of the insurance commissioner to be the true and lawful attorney of such company in and for this state, upon whom all lawful process in any action or proceedings against such company commenced in any county in this state may be served with the same effect as if it were a domestic company having its

principal office in such county. The service upon such attorney shall thereafter be deemed service upon the company. * * * " Section 13, pp. 173, 174, Laws 1911.

"Any insurance company may be sued upon a policy of insurance in any county within this state where the cause of action arose, by serving the summons and a copy of the complaint upon the company, if a domestic company, or upon the commissioner, as attorney in fact of the company, if an alien or foreign company, or upon any duly licensed agent of the company residing in the county where the cause of action arose." Section 13½, p. 174, Laws 1911.

The motion to quash will be denied. There is nothing in the foregoing statute to show any intention to limit the suits brought in the state courts against nonresident corporations to those involving transactions growing out of business carried on within the state. The title shows the act to be one to "regulate * * * the government of insurance companies and insurance business." If it was only for the regulation of insurance business, there would be more plausibility in the contrary contention. The body of the act provides for service of process "in any action or proceeding against such company commenced in any county in this state * * * with the same effect as if it were a domestic company having its principal office in said county." This language is broad enough to include the present suit. Section 13½, above quoted, by making special provision for the venue in suits upon insurance policies, shows that the former provision was not intended to limit suits to those founded on transactions arising in the state.

The affidavits show that the defendant is doing business in the state. Connecticut Mut. Life Ins. Co. v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. Ed. 569; Mutual Reserve Fund Life Ass'n v. Phelps, 190 U. S. 147, 23 Sup. Ct. 707, 47 L. Ed. 987.

The case of Olson v. Buffalo Hump Min. Co. (C. C.) 130 Fed. 1017, heretofore decided by this court, does not support defendant's contention. In that case, the plaintiff was a nonresident of the state, and the statute there considered required a foreign corporation, before doing business in the state, to have a representative agent authorized to accept service of process "in any action or suit pertaining to the property, business or transactions of such corporation within this state, to which said corporation may be a party." Pierce's Code of Washington, § 7216; 1 Ballinger's Ann. Codes & Statutes, § 4293; 1 Hill's Code, § 1526.