[No. 2045. Decided March 5, 1896.]

THE STATE OF WASHINGTON, *on the Relation of the State Insurance Company*, v. THE SUPERIOR COURT OF PIERCE COUNTY *et al.*

WRIT OF PROHIBITION — PRACTICE — PRESUMPTIONS.

Affidavits submitted by respondent upon the return of an alternative writ of prohibition cannot be considered where the respondent has not answered in the manner required by statute, as, under Laws 1895, p. 118, § 25, the case must be heard on the papers of the applicant if no answer be made.

Upon an application for a writ of prohibition to restrain proceedings by a court of general jurisdiction, it will be presumed, where the subject matter of the litigation was within the jurisdiction of the court, that the particular facts which authorized it to assert its jurisdiction existed, unless a contrary showing is made.

*Original Application for Prohibition.*

*Hastings & Stedman,* for relator.

*Williamson & Franklin,* for respondents.

The opinion of the court was delivered by

GORDON, J.—This is an original application for a writ of prohibition directed to the superior court of Pierce county and to J. C. Stallcup, one of the judges of that court, prohibiting and restraining the said court and the judge thereof from further proceeding or entertaining jurisdiction in an action commenced in said court by one O. E. Grandston against the relator herein upon a certain policy of insurance. On the return of the alternative writ, the respondent submitted and filed certain affidavits, to the consideration of which objection was made by the relator, because no answer, such as is prescribed by statute, had been made.   Sections 20 and 21 of the act of March 13, 1895 (Laws, p. 118), are as follows:

" Sec. 20. On the return of the alternative, or the day on which the application for the writ is noticed, the party on whom the writ or notice has been served may show cause by answer, under oath, made in the same manner as an answer to a complaint in a civil action.

Sec. 21. If an answer be made which raises a question as to a matter of fact essential to the determination of the motion, and affecting the substantial rights of the parties, and upon the supposed truth of the allegation of which the application for the writ is based, the court may, in its discretion, order the question to be tried before a jury, and postpone the argument until such trial can be had, and the verdict certified to the court.   The question to be tried must be distinctly stated in the order for trial, and the county must be designated in which the same shall be had."

Sec. 25 of the same act provides that

"If *no answer* be made, the case *must be heard on the papers of the applicant.*"

It seems very clear that respondent has not answered in the manner required by the statute. For that reason, we are not authorized to consider the affidavits so submitted. It follows that the writ must issue if the facts set up in the petition are sufficient to authorize it. We think, however, that the petition fails to show affirmatively that the respondent is proceeding without jurisdiction. It appears from the petition that in the action pending in said court service of the summons and complaint was made upon the statutory agent of the relator (defendant therein) residing at Olympia in Thurston county, and that such service was the only service made or attempted in that action. It further appears from the petition that the relator thereafter entered a special appearance in the superior court and moved that court to set aside and quash such service, which motion was denied, and thereupon this proceeding was instituted. Sub-division 6 of § 7 of the act of March 15, 1893 (Laws, p. 409), provides that the summons in an action may be served by delivering a copy, etc., "If against an insurance company, to any agent authorized by such company to solicit insurance within this state;" and § 160, Code Proc., provides that

"An action against a corporation may be brought in any county where the corporation has an office for the transaction of business, *or any person resides upon whom process may be served* against such corporation, unless otherwise provided in this code."

It follows that if the relator had an agent authorized to solicit insurance, residing in the county of Pierce on the 25th day of October, 1895, the superior court

of that county had, by virtue of § 160, *supra,* jurisdiction of the parties.   That court is a court of general jurisdiction, and the proceedings of such courts are presumed to be regular and within the scope of their authority until the contrary is made to appear.   The subject matter of the litigation was within the jurisdiction of the court, and we are bound to assume, in the absence of a showing to the contrary, that facts existed which authorized it to assert its jurisdiction.

" 'Every fact not negatived by the record will be presumed in aid of the judgment, and it will only be held void when it affirmatively appears from the record that the court had no jurisdiction to render it.' *Munch v. McLaren,* 9 Wash. 676 (38 Pac. 205.") *Rogers v. Miller,* 13 Wash. 82 (42 Pac. 525).

And this presumption of regularity is applicable to all of the proceedings as well as the judgment.

The application for the peremptory writ will accordingly be denied.

ANDERS, DUNBAR and SCOTT, JJ., concur.

HOYT, C. J., dissents.