# Eagle Life Association *v.* Redden.

### Action on Policy of Insurance.

1. *How service perfected on corporations.*—The provisions of our statute law as found in the Code, sec. 3274, with reference to the manner of perfecting service on corporations, apply equally to foreign and domestic corporations; other sections of the Code which make special provisions for service on corporations doing business in this State, when they are sued, are cumulative.

[Eagle Life Association v. Redden.]

APPEAL from the Circuit Court of Elmore.
Tried before the Hon. N. D. DENSON.

The facts are stated in the opinion.

WATTS, TROY & CAFFEY, for appellant.

H. R. GOLSON and T. G. HILYER, *contra.*

HARALSON, J.—There is but one question presented for review, viz., was there such service made upon the defendant as to authorize the judgment rendered against it? The case is presented by appeal on the record alone.

The complaint as amended reads as follows: "Fannie E. Redden, plaintiff, v. Eagle Life Association of Westfield, Massachusetts, defendant. The plaintiff claims of the defendant, a corporation, one thousand dollars ($1,000) due on a policy, whereby the defendant, on the 4th day of May, 1896, insured for the term of his natural life, the life of T. J. Redden, who died on the 17th day of June, 1897, of which the defendant had notice. Said policy is the property of the plaintiff."

The Code, section 3274 (2657) provides, "When the suit is against a corporation, the summons may be executed by the delivery of a copy of the summons and complaint to the president or other head thereof, secretary, cashier, station agent, or any other agent thereof." There is nothing in this statute which excludes foreign corporations from its provisions, and by its terms, foreign as well as domestic corporations are excluded. It is true, other sections of the Code make special provisions for service on corporations doing business in this State when they are sued, but these several provisions are cumulative, for the greater convenience of those who desire to institute legal proceedings against such corporations. To hold otherwise, would be by judicial construction, to render nugatory said section 3274 (2657) of the Code which we have quoted above.

A judgment by default was entered in this case, and a writ of inquiry was executed. The service as to the return of the sheriff, showed that the summons and complaint were "executed by handing a copy to Robert Cox."

The judgment entry recites, "that the defendant being called, came not but made default, and thereupon it appeared to the court by competent and satisfactory evidence that the copy of the summons and complaint in this cause was served on the defendant by the sheriff, by leaving a copy thereof with Robert L. Cox, more than twenty days before this term, and that said Robert L. Cox was at the time of such service, local agent of the defendant corporation at Tallassee in Elmore county, Alabama;—it is therefore adjudged that plaintiff recover of defendant, but the damages being uncertain, let a jury come and assess the damages, and thereupon came a jury," etc. This judgment met the requirements of the statute in reference to service.—*Independent P. Co. v. American P. Asso.*, 102 Ala. 475.

We discover no reversible error in the judgment below, and it is affirmed.

Affirmed.