[No. 3721. Decided March 22, 1901.]

PETER F. SIEVERS *et ux., Respondents,* v. DALLES, PORT-
LAND & ASTORIA NAVIGATION COMPANY, *Appellant.*

FOREIGN CORPORATIONS — SERVICE OF SUMMONS — AGENTS WITHIN
THE STATE.

Under Bal. Code, § 4854, which provides that an action against
a corporation may be brought in any county where the corpo-
ration has an office for the transaction of business, or any per-
son resides upon whom process may be served against the cor-
poration, and Id. § 4875, subd. 9, which provides that if suit
be against a foreign corporation doing business within the
state, summons may be served on any agent of the corporation,
service of process issued out of the superior court of Clarke
county upon a purser and a wharfinger in the employ of a for-
eign corporation is sufficient, where the company was operat-
ing a line of steamers on the Columbia river, which, under the
charge of the purser, received and discharged freight and passen-
gers at Vancouver, landing regularly at the wharf there for that
purpose, and hence making the wharf an office in this state for
the transaction of such business.

ADMISSION OF EVIDENCE — HARMLESS ERROR.

Error in permitting the husband to testify that the value of
the loss of his wife's services by reason of her sickness occa-
sioned through the act of defendant was $2,000, instead of requir-
ing the witness to state the facts and circumstances of the in-
jury, for the purpose of allowing the jury to determine the
amount, was harmless, where the verdict rendered was for $600.

NON-SUIT — SUFFICIENCY OF EVIDENCE.

Refusal to grant a non-suit is not error, when there is evi-
dence, though conflicting, sufficient under the allegations of the
complaint to sustain the verdict.

EXCESSIVE DAMAGES.

In an action to recover damages against a navigation com-
pany for breach of a contract of carriage, and for injuries arising
from the negligent and wrongful and forcible landing by defend-
ant of an aged woman at a wrong destination, and the careless-
ness of defendant's agents in the manner of putting her off upon
a barren island, exposed to the inclemency of stormy weather,
from which they failed to rescue her but allowed her to make

her way home as best she could, which she did after two days' travel, incurring sickness and great bodily discomfort from her exposure, a verdict for $600 does not indicate passion or prejudice on the part of the jury.

Appeal from Superior Court, Clarke County.—Hon. Abraham L. Miller, Judge. Affirmed.

*Carey & Mays* and *Coovert & Stapleton,* for appellant.

*W. W. McCredie,* for respondent.

The opinion of the court was delivered by

·Dunbar, J.—Action for damages for injuries alleged to have been suffered by reason of the appellant, which is a navigation company, failing to carry the respondent Wilhelmina Sievers to her destination, and wrongfully putting her off of one of its boats on to an island in the Columbia river, where, through exposure to the elements, she became sick and suffered the damages complained of.    Summons was served upon George Woodbury, the purser, and Oscar Johnson, the wharfinger of the company, at Vancouver, as agents of said company.    Thereafter defendant appeared and moved to quash the service for the reason that the parties served were not agents of the company within the provisions of the law, and affidavits were filed in relation to the business of the corporation.    The motion to quash was overruled and the defendant answered, and the action of the court in overruling the motion to quash the summons is the first error alleged.

We think the motion was properly overruled.    Section 4854, Bal. Code, provides that

"An action against a corporation may be brought in any county where the corporation has an office for the transaction of business, or any person resides upon whom process may be served against such corporation, unless otherwise provided in this code."

The corporation received and discharged freight and passengers at Vancouver, and this business was in charge of the purser, who was certainly one of the company's agents looking after this with other business of the company. The appellant's steamers regularly landed at the wharf in Vancouver, and regularly discharged and received passengers and freight. To that extent it was certainly doing business in the state, and the wharf was an office for the transaction of such business. Paragraph 9 of § 4875, which provides the manner of service of summons, provides that, if the suit be against a foreign corporation or non-resident joint stock company or association doing business within the state, the summons may be served on any agent of the corporation. It does not specify any particular kind of agent, and we think that both the wharfinger and the purser were agents within the meaning of the law.

Upon the trial the verdict was for the plaintiffs in the sum of $600, for which amount judgment was rendered.

The second allegation is that the court erred in allowing Mr. Sievers, the husband of the respondent, to testify that the loss of Mrs. Sievers' services by reason of her sickness was $2,000. It is difficult from the record to tell just what was objected to. Certainly, proof of loss of services was admissible under the allegations of the complaint; and while, technically, it would have been more appropriate for the witness to have stated the facts and circumstances of the injury and allowed the jury to determine the ultimate fact of the amount of the injury, an examination of the record shows that the attorney for the respondent was trying to elicit the testimony as to the loss of service as a part of the damages alleged in the complaint, viz., $1,999, and the answer of the witness, who was a raw foreigner, was not, possibly, entirely responsive to the question. But, in any event, it plainly

appears that the testimony did not prejudice the defendant, for the verdict of the jury was for only $600, so that no reversible error occurred in that particular.

It is alleged that the court erred also in not granting defendant's motion for a non-suit upon the termination of plaintiff's testimony. But we think that, under the allegations of the complaint, there was sufficient legal testimony to sustain the verdict. The complaint was simply a statement of the facts, not only a breach of the contract, but neglect and wrongful and forcible landing of the respondent at a wrong destination, and the carelessness of the officers and agents of the appellant in the manner of putting her off and of exposing her to the inclemency of the weather and the dangers of the elements. The testimony is conflicting. If the testimony of respondent is true that she was so put off on Mosquito island with a promise that she should be taken up by another boat of the company on its way down the river, and that the officers of the other boat failed or refused to relieve her, but left her, an aged woman, on a stormy day, unprovided with adequate shelter or fuel, to make her way home as best she could, it was certainly not only neglect, but inhuman treatment, on the part of the appellant. It may have been inconvenient for the appellant to have rescued her from this unfortunate position in which it had placed her; but this will not excuse it, and the jury was warranted from the testimony in concluding that it was not impossible for the appellant, by proper exertion, to have given that care to its passengers which the law imposes upon it. There is direct conflict of the testimony in relation to the opportunity of the respondent to be landed at Cape Horn, as to whether or not she was willing to be landed on Mosquito island where she was landed, and as to whether or not there was a direct promise on the part of the appellant to see

20-24 WASH.

that she was taken from Mosquito island by the steamer City of The Dalles on her downward trip; and the same conflict of testimony is found in relation to the fact of whether or not the respondent was wet by the waters of the river in landing her upon the island. Upon all those questions the jury have passed in favor of the contention of the respondent. Certain it is that this aged woman was compelled, in great distress and fear of mind and with great bodily discomfort, to remain on this island with an old man for nearly five hours; that she was not relieved by the company at all, but, through the ministrations of settlers, finally reached her home, after great hardships, in the course of two days' travel. We do not think that a verdict of $600 indicates any passion or prejudice on the part of the jury.

We find no error in the instructions of the court, and the instructions asked for by the appellant either had in substance been given by the court, or did not properly state the law.

The judgment is affirmed.

REAVIS, C. J., and ANDERS and FULLERTON, JJ., concur.