[No. 5819. Decided March 26, 1906.]

## J. E. HAMMEL, *Respondent,* v. FIDELITY MUTUAL AID ASSOCIATION, *Appellant.*[1]

PROCESS — SERVICE ON FOREIGN CORPORATIONS — VENUE — JURISDICTION OF SUBJECT-MATTER. Under Bal. Code, § 4854, the superior court has no jurisdiction of the subject-matter of an action against a foreign corporation commenced in a county wherein the company has no agent, by service upon a statutory agent in another county.

APPEARANCE — WAIVER OF OBJECTIONS — JURISDICTION OF SUBJECT-MATTER. A general appearance for the purpose of dismissing an action against a foreign corporation of which the court has no jurisdiction of the subject-matter does not confer jurisdiction or waive the objection.

Appeal from a judgment of the superior court for Snohomish county, Denney, J., entered January 7, 1905, upon findings in favor of the plaintiff after a trial before the court without a jury, in an action upon a policy of accident insurance. Reversed.

*H. T. Granger,* for appellant.

*Coleman & Fogarty,* for respondent.

HADLEY, J.—This action was brought upon an accident insurance policy, and the suit was instituted in Snohomish county. The defendant is a foreign corporation, organized under the laws of the state of California. The summons was personally served upon C. G. Heifner, the statutory agent of the defendant, and was served in King county. The defendant interposed a motion to dismiss the cause on the ground, that it is a foreign corporation, duly authorized to do business in this state; that, at the time of the service of the summons, it had no office for the transaction of business in Snohomish county; that no person resided in said county upon whom process against defendant might be served; and that

1Reported in 85 Pac. 35.

the court was therefore without jurisdiction. The motion was supported by affidavit, which stated that, at the time of the service upon Mr. Heifner, a statutory agent of defendant, he was, and for a long time prior thereto had been, continuously a resident of Seattle, King county, and that he was then such resident. The grounds stated in the motion were otherwise fully sustained by affidavit, and the facts so stated were not controverted. The motion to dismiss was overruled, and the defendant having answered, a trial was had before the court without a jury, resulting in a judgment for plaintiff. The defendant has appealed.

It is assigned that the court erred in overruling appellant's motion to dismiss the action on the ground that the court was without jurisdiction. It is not disputed that appellant had no office in Snohomish county for the transaction of business, and that there was no person in that county upon whom process against appellant could be served. It is also conceded that the service which was made was made upon appellant's statutory agent, who at all times resided in King county. Under the decision in *McMaster v. Advance Thresher Co.,* 10 Wash. 147, 38 Pac. 670, the trial court was without jurisdiction to determine the cause and render judgment upon the merits. In the case cited, the service was upon the statutory agent of a foreign corporation, the agent residing in Clarke county, in which county the service was made. The suit was brought and tried in Garfield county. After a discussion of the statutes, it was held by this court that the court in Garfield county was without jurisdiction to pronounce judgment, and that the judgment and all the proceedings in that court were without authority and void. It was held that the legislature has provided that actions against corporations shall be brought in a county where the corporation has an office for the transaction of business, or where some person resides upon whom process may be served against such corporation. Bal. Code, § 4854. In the case at bar, the appel-

lant had no office for the transaction of business in Sno-
homish county, and there was no soliciting agent of appellant
or other person residing in that county upon whom process
might be served against appellant. Respondent concedes
that the cited case supports appellant's contention, but argues
that this court has modified the doctrine of that case.

*State ex rel. State Ins. Co. v. Superior Court,* 14 Wash.
203, 44 Pac. 131, is cited. In that case the action was
brought in Pierce county, and a service of summons was made
upon the statutory agent who resided in Thurston county.
Reference was made to our statute which authorizes service
of summons in actions against insurance companies to be
made upon any agent authorized by such a company to solicit
insurance within this state. Bal. Code, § 4875. It was then
stated that, if the relator in the case had an agent authorized
to solicit insurance residing in Pierce county, the superior
court of that county had jurisdiction by virtue of the statute
which authorizes an action to be brought against a corpora-
tion in any county where any person resides upon whom
service of process may be served. As there was nothing in
the record to negative the fact that such an agent did reside
in Pierce county, it was presumed, in favor of the regularity
of the proceedings, that the necessary facts existed which
authorized the court to assert its jurisdiction. We find noth-
ing in that case which modifies the doctrine of *McMaster v.
Thresher Co., supra.* In the case at bar, it is affirmatively
shown that there was neither an office of appellant for the
transaction of business in Snohomish county, nor any agent
or person residing in that county upon whom service against
the appellant could be made. Therefore no presumption to
the contrary can be indulged, as was properly done in *State
ex rel. State Ins. Co. v. Superior Court, supra.*

Respondent also cites *Sievers v. Dalles etc. Nav. Co.,* 24
Wash. 302, 64 Pac. 539. It was simply held in that case
that service against a corporation was sufficient when made
upon a purser who also had charge of a wharf of the corpora-

tion, the maintenance of the wharf being held to be an office for the transaction of business. *Zindorf v. Western American Co.*, 26 Wash. 695, 67 Pac. 355, is also cited by respondent, but we find nothing therein which modifies the doctrine of the *McMaster* case. It is true, the opinion states that we do not care to extend the doctrine of the *McMaster* case, but the rule was not modified, and it stands as the rule at this time. We see no reason for modifying or limiting the rule of that case, since we think it clearly announces just what the legislature has declared shall be the rule. That rule is that a corporation can be sued only in a county where it has an office for the transaction of business, or where some person resides upon whom process may be served against the corporation.

Respondent, however, contends that appellant has waived the matter of jurisdiction by not limiting its appearance to a special one. Under the statute, the court had no jurisdiction of the subject-matter. The conditions which the statute says are necessary to confer jurisdiction of such a suit in any county did not exist in Snohomish county. The action is by the statute made a local one, to be brought only in counties where certain specified conditions exist. The court, therefore, had no more jurisdiction of the subject-matter of the action than it would have of an action to foreclose a mortgage upon real estate wholly situate in another county. It is an elementary principle that neither an appearance nor consent of the parties will confer jurisdiction of the subject-matter, but such jurisdiction is derived wholly from the statutes. The court was therefore without power to determine the action upon its merits, notwithstanding the appearance was general in form.

The judgment is reversed, and the cause remanded, with instructions to vacate the judgment and dismiss the action.

MOUNT, C. J., ROOT, FULLERTON, CROW, and DUNBAR, JJ., concur.