[No. 5552. Decided August 6, 1906.]

H. L. Tatum *et al., Appellants,* v. Niagara Fire Insurance
Company *et al., Respondents.*[1]

Corporations — Service of Process — Foreign Insurance Companies. Laws 1895, p. 157, providing the method of obtaining jurisdiction of foreign insurance companies by service upon agents to be appointed for that purpose, is not exclusive, and service upon an agent authorized to solicit insurance, as provided by Bal. Code, § 4875, is sufficient.

Appeal from an order of the superior court for Clallam county, Hatch, J., entered January 9, 1905, in favor of the defendants, after a hearing before the court, vacating a default judgment. Reversed.

*Shank & Smith,* for appellants.
*Trumbull & Trumbull,* for respondents.

Root, J.—This is an appeal from the order of the lower court setting aside a default judgment against the Niagara Fire Insurance Company, of the city of New York, and the London Assurance Corporation. On October 21, 1904, the superior court entered judgment by default in favor of appellants and against respondents. Both the order of default and the judgment contained the recital that each of the respondents had been duly and personally served with writ of garnishment in Clallam county, Washington, more than twenty days prior thereto. A return made upon the writ of garnishment showed that service of the writ had been made by serving it upon J. Lloyd Aldwell, who was an agent authorized by each of said respondents to solicit insurance within this state. Subsequent to the entry of this default judgment, the respondents appeared specially and moved to quash the service of the writ of garnishment upon the ground that no legal service had been made upon them. The motion

1Reported in 86 Pac. 660.

was supported by the affidavit of said Aldwell, which recited that he was merely authorized to solicit insurance, and that neither of said companies had authorized him to accept or waive service of process, or bind them in any way other than in the matter of soliciting insurance. The trial court granted the motion.

Appellants claim that this action of the trial court was erroneous, (1) because the order of default and default judgment recited that due and personal service had been made upon the respondents and no showing was made that such service had not in fact been made; (2) that even though the court should assume that no service had been made except upon Aldwell, still that service was sufficient to give the court jurisdiction. In support of the first contention appellants cite, *State ex rel. State Ins. Co. v. Superior Court,* 14 Wash. 203, 44 Pac. 131; *State ex rel. Boyle v. Superior Court,* 19 Wash. 128, 52 Pac. 1013, 67 Am. St. 724; *Ballard v. Way,* 34 Wash. 116, 74 Pac. 1067, 101 Am. St. 993; *Nolan v. Arnot,* 36 Wash. 101, 78 Pac. 463; and *Snider v. Badere,* 39 Pac. 130, 81 Pac. 302. Respondents urge that the cases cited are not conclusive of the question in the case at bar.

As to the second contention of appellants, respondents claim that the method provided for obtaining jurisdiction of foreign insurance companies under Bal. Code, § 2818 (P. C. § 5631), is exclusive; that this section and the act of which it was a part (Laws 1895, p. 157) cover the entire matter of foreign insurance companies doing business in this state and the method of getting jurisdiction over them in the courts. Appellants, however, cite the following sections of the statute: Bal. Code, § 4875 (P. C. § 332), which reads:

"The summons shall be served by delivering a copy thereof, as follows: . . . 6. If against an insurance company, to any agent authorized by such company to solicit insurance within this state; . . . 9. If the suit be against a foreign corporation or a nonresident joint stock company or

association doing business within this state, to any agent, cashier or secretary thereof;"

and Bal. Code, § 5397 (P. C. § 550), as amended by the Laws of 1903, page 91, providing that service of a writ of garnishment shall be made "in the same manner as summons in an action is served;" also, the constitutional provision:

"No corporation organized outside of the limits of this state shall be allowed to transact business within the state on more favorable conditions than are prescribed by law to similar corporations organized under the laws of this state;" Const. art. 12, § 7.

Also, Bal. Code, §§ 4854 and 4875 (P. C. §§ 310, 333), and Bal. Code, § 4255 (P. C. § 7059). In support of their contention as to the construction of these various statutes, they cite, *State ex rel. State Ins. Co. v. Superior Court, supra,* and *Hammel v. Fidelity Mut. Aid Ass'n,* 42 Wash. 448, 85 Pac. 35.

Without passing upon the first contention made by appellants, we think their second contention must be upheld. It being conceded that the writ of garnishment was served upon an agent living in the county where the action was brought and who was authorized to solicit insurance for said companies, we think there was a compliance with the statutes, and that jurisdiction was obtained over the companies.

The order of the honorable superior court is therefore reversed.

MOUNT, C. J., CROW, FULLERTON, DUNBAR, and RUDKIN, JJ., concur.