[No. 7532. Decided December 11, 1908.]

ELIZABETH E. LEE, *Respondent*, v. FIDELITY STORAGE, AND TRANSFER COMPANY, *Appellant*.[1]

FOREIGN CORPORATIONS—ACTIONS—PROCESS—SERVICE ON AGENT—DOING BUSINESS WITHIN STATE. A foreign corporation engaged in the business of assembling car load lots of household and other goods and forwarding them to, and distributing or storing them in, this state, through an agent located at S. in this state, which receives, distributes, or stores the goods here, is "doing business within this state," within the meaning of Bal. Code, § 4875, authorizing the service of summons upon "any agent."

CONTRACTS—EXISTENCE—BREACH—EVIDENCE—QUESTION FOR JURY. The existence of a contract to forward goods from St. Paul to Tacoma, and its breach, is for the jury, where the plaintiff's evidence was to the effect that there was a clean-cut contract for delivery at Tacoma without prepayment, and the defendant's agent refused to forward the goods from Seattle to Tacoma without full prepayment of the charges.

CARRIERS OF GOODS—DELIVERY—CHARGES — COLLECTION — PREPAYMENT—INSTRUCTIONS. In an action for conversion of goods it is proper to instruct that a "forwarder and distributer" of goods, which contracts to make delivery at a certain place without prepayment of charges, cannot collect its charges until the goods are delivered at their destination, it being immaterial by what name the defendant designates the nature of its business.

SAME — ACTION FOR NON-DELIVERY — CONDITIONS PRECEDENT. A demand for goods to be delivered by the defendant at T. under a contract to pay charges on delivery, is not a condition precedent to an action for a conversion, where, before suit, the defendant's agent refused to forward the goods until prepayment of the charges, as the demand is thereby waived.

SAME—VALUE OF GOODS—EVIDENCE—SUFFICIENCY—PRESUMPTIONS. In an action for the conversion of goods delivered to the defendant at St. Paul to be forwarded to Tacoma, plaintiff's evidence of the value at St. Paul is sufficient evidence of the value at the time of their conversion, where the goods had not been used and were in possession of the defendant, and the defendant refused to show their real value at that time; as the presumption would arise that their value had not been reduced.

[1]Reported in 98 Pac. 658.

Appeal from a judgment of the superior court for King county, Albertson, J., entered February 8, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.   Affirmed.

*Totten & Rozema,* for appellant.

*W. G. Heinly* (*Charles Bedford,* of counsel), for respondent.

HADLEY, C. J.—This is an action to recover the value of certain personal property, for failure to perform an alleged contract to deliver the goods.   The complaint avers that the defendant is a corporation, existing under the laws of Minnesota for the purpose of storing, forwarding, and distributing goods, wares, and merchandise for hire, between St. Paul, Minnesota, and various other cities throughout the United States; that on the 12th day of November, 1906, the plaintiff's agent at St. Paul delivered to the defendant certain described goods belonging to the plaintiff, of the value of $350, which the defendant agreed to safely forward and deliver to the plaintiff at Tacoma, Washington.   It is alleged that the defendant has failed and refused to deliver the goods to the plaintiff at Tacoma, wherefore she seeks to recover.   The defendant denied liability, and after a trial before a jury, a verdict was returned for the plaintiff in the sum of $350. Judgment was entered upon the verdict, and the defendant has appealed.

The defendant moved specially to quash the service of summons.   The summons was served upon the Bekins Moving and Storage Company of Seattle, as agent of the appellant. It is admitted that the company named was the agent of the appellant in this state for certain purposes, but it is contended that it is not an agent upon whom service of process could be made.   It appears that the appellant engages in assembling car load lots of household and other goods from different persons, and in forwarding them to different points,

the purpose being to enable individuals who have less than car load lots of goods to avail themselves of the benefit of car load rates.   When shipments are made to Seattle and vicinity, the Bekins Moving and Storage Company, of that city, acts as agent for the appellant to receive and distribute the goods, to store them if necessary, and to collect the shipping charges.   This action was brought in King county where this agent of appellant resides.   Under such conditions the appellant was doing business within this state, and the service upon such an agent was sufficient, within the following provision of Bal. Code, § 4875 (P. C. § 332):

"The summons shall be served by delivering a copy thereof, as follows:   .   .   .

"9.   If the suit be against a foreign corporation or nonresident joint stock company or association doing business within this state, to any agent, cashier or secretary thereof."

See, also, *Sievers v. Dalles, Portland & A. Nav. Co.*, 24 Wash. 302, 64 Pac. 539.   It was not error to deny the motion to quash the service.

It is next assigned that the court erred in denying appellant's motion for a directed verdict in its favor.   We think there was sufficient evidence for the jury.   The respondent's testimony was to the effect that appellant's contract was a clean-cut one to deliver to her, at Tacoma, the goods which her agent at St. Paul delivered to appellant there; that the compensation was agreed upon, and the goods were accepted without prepayment therefor.   Respondent's testimony shows that the agent in Seattle refused to forward the goods from Seattle to Tacoma, or to deliver them at the latter place, unless the charges were fully paid in Seattle.   If there was such a contract as respondent says there was, then the above constituted a breach of it.   It was for the jury to say whether such a contract existed, and if so, it was immaterial whether appellant may have called itself a mere forwarder or forwarder and distributer.   The contract itself controlled without regard to what appellant may have named its general business.

It is assigned that the court erred in charging the jury that appellant as a forwarding agent could not collect its charges until it had delivered the goods at their destination. The effect of the court's instruction was not to say that appellant was a mere forwarding agent; but rather that under a contract to forward goods from St. Paul to Tacoma, if that was the contract, the appellant was not entitled to collect the charges until the goods reached Tacoma, since it accepted them without prepayment. In other words, that appellant would not fully perform its part of the contract until it delivered the goods at the point of destination designated in the contract. The contention upon this instruction is based upon the argument that appellant was a mere forwarder, and was not a common carrier, and that the responsibilities of the two rest upon different principles. To our minds, however, as heretofore intimated, it is immaterial what appellant is called. If it undertook to deliver the goods at Tacoma, it was bound by its contract and could not recover its compensation until it had fully performed its own obligation in the premises. It accepted the goods without prepayment, and having done so, it was required to fully complete its contract before it could demand payment. Moreover, if the expressed purpose of appellant's business were material, it is in any event designated as both a forwarder and distributer, and the latter is sufficiently comprehensive, as a mere trade designation, to include the shipment of these goods from Seattle by appellant's agents and their delivery to its customer at Tacoma. We see no error in the instruction.

It is next assigned that the court erred in instructing that no demand for the goods was necessary if the appellant, through its Seattle agent, refused to deliver the goods until the charges were paid in Seattle. The instruction stated that, before a suit for conversion can be brought, there must be a demand and a refusal to deliver, but that, if the appellant knew the place of residence of the respondent, and through its agent in Seattle refused to forward the goods from Seattle

to Tacoma until the charges were paid in Seattle, then the necessity for a demand was waived, inasmuch as it is an idle thing to demand something which a person says he will not do. We see no error in the instruction.

It is contended that it was error to charge the jury in substance that, if there was a conversion, the appellant would be liable for the reasonable value of the goods at the time of the conversion, because it is also contended there was no evidence as to the value of the goods at the time of the alleged conversion. The best evidence the respondent could give as to the value was her own testimony. As the goods were not used after they passed into appellant's hands, she not unfairly presumed that they were of the same value as when received. She could not give the cost price and then show the extent of the depreciation, for the reason that the goods were in appellant's possession. Being in appellant's possession, it was in a position to show their real value; but it refused to do so, and it cannot now take advantage of its refusal. Under such circumstances it should be presumed that, if appellant had introduced proof, the value placed upon the property by respondent would not have been reduced. There was no prejudicial error in the instruction.

We think the charge of the court was in all respects sufficient, under the issues and facts, and we do not find any of the objections thereto well taken. The judgment is affirmed.

FULLERTON, CROW, and DUNBAR, JJ., concur.

CHADWICK, J., took no part.