[No. 7533.   Decided December 11, 1908.]

CHARLES F. GARBERSON, *Respondent*, v. TRANS-CONTINENTAL
FREIGHT COMPANY, *Appellant*.[1]

CARRIERS OF GOODS—CONTRACTS — CONSTRUCTION — BREACH — LIA-
BILITY OF FORWARDER OR DISTRIBUTER OF GOODS.  Where a foreign cor-
poration contracts to forward and deliver goods for a specific sum,
it is liable for failure to deliver in the manner agreed upon and for
damage to the goods, regardless of whether it acted as a mere for-
warder, or as a forwarder and distributer.

SAME—EVIDENCE OF CONTRACT—REMOTENESS.  In an action for
damages to goods, and for recovery of an excess charge, under a
contract whereby defendant, a forwarder and distributer of goods,
agreed to ship the goods from Ohio and deliver them at Seattle for a
specified sum, evidence as to the railroad rates on similar goods is
inadmissible to show the probabilities as to what the contract in fact
was; the same being too remote and speculative, in view of the
competition in such rates.

Appeal from a judgment of the superior court for King
county, Frater, J., entered February 18, 1908, upon findings
in favor of the plaintiff, in an action on contract, tried before
the court without a jury.   Affirmed.

*Totten & Rozema*, for appellant.

*Charles F. Garberson*, for respondent.

HADLEY, C. J.—This is an action for damages arising out
of a contract concerning the shipment of household goods.
The plaintiff shipped the goods by the Erie railway from
Marion, Ohio, to Chicago, where they were transferred and
delivered into the possession of the defendant.   The defend-
ant was engaged in the business of assembling car load lots of
goods for shipment to different parts of the United States, the
purpose being to serve those who had less than car load lots,
and enable them to avail themselves of car load shipping rates.
The defendant is a corporation under the laws of Illinois, and
the complaint alleges, that it maintains an agency office in Se-

[1]Reported in 98 Pac. 612.

attle in this state; that on March 31, 1906, at Chicago, it entered into an oral agreement with the plaintiff whereby it undertook to safely and carefully ship and deliver to the plaintiff at Seattle, without loss or damage, his household goods, furniture, and effects, for the agreed price of $160, which was paid in advance as full and complete payment of all charges for cartage, storage, and re-loading at Chicago, railway freightage from Chicago to Seattle, and including also all charges for unloading, storing, and delivering the goods to the plaintiff by the Bekins Moving and Storage Company, in Seattle, which latter company the defendant represented to plaintiff was the defendant's agent in Seattle for such purpose; that the said Seattle agent would, without additional charges, deliver the goods to plaintiff at any point in Seattle within the radius of any reasonable distance therein, on demand by plaintiff of the agent at any time within four days after notice of the arrival of the goods in Seattle; that the goods were received and accepted by the defendant upon the above agreement and terms, and upon no other or further condition whatever; that notwithstanding the agreement, the defendant so carelessly handled the goods while in its possession and control and during transit, and while in the possession and control of plaintiff's Seattle agent, that it failed to deliver them without damage, but that they were damaged to the extent of $248.10.

A second cause of action alleges that the defendant's Seattle agent, the Bekins Moving and Storage Company, exacted from the plaintiff the payment of the additional sum of $57.50 for cartage and storage in Seattle before it would deliver the goods at the plaintiff's residence in Seattle, although demand for their delivery was made upon the day of their arrival in Seattle. It is averred that the amount was paid under protest and in order that the plaintiff might secure the possession of his goods for immediate household necessities. Recovery of the amount so alleged to have been paid is sought, and judgment is demanded for the aggregate sum

of the above items.  The answer denies the material parts of
the complaint, and under such issues the cause was tried by the
court without a jury, and resulted in a judgment for plaintiff
in the sum of $210 on the first cause of action, and in the
further sum of $57.15 on the second cause of action.  The de-
fendant has appealed.

The court made findings of facts and conclusions of law,
and the assignments of error are mainly based upon these.
The evidence sharply conflicts as to the true nature of the
contract, but respondent and his wife each positively testified
in support of the contract as alleged in the complaint.  Both
were present when the agreement was made in Chicago, and
the record discloses no reason why the trial court should have
discredited their testimony.  The court found that the con-
tract was in all essential particulars the same as set forth in
the complaint, and that respondent was entitled to recover the
amount of damage done to the goods, and also to recover
back the cartage and storage exacted from him in Seattle by
appellant's agent.  We shall not disturb the findings.

The contract was, therefore, a straight undertaking to de-
liver to respondent in Seattle the goods in question without
damage, and to cart them to his home, which was shown to
have been within reasonable distance, without further charges.
Under such a contract it was immaterial whether appellant
was a mere forwarder or a forwarder and distributer.  It
undertook to do a special thing, and it was obligated, like any
other person, to carry out its undertaking without regard to
what name it may use in designating its business.  In this
respect the case is similar to cause No. 7532, *Lee v. Fidelity
Storage & Transfer Co.*, just decided, *ante* p. 208, 98 Pac.
658, and what was there said with reference to a similar
contract made by one engaged in a similar business is ap-
plicable here.

It is assigned that the court erred in refusing to allow
appellant to show what the railroad rates were for shipping
second-hand household goods from Chicago to Seattle, for

the purpose of showing the probability of what the contract between the parties was. We think such evidence was too remote and uncertain for that purpose. It certainly was immaterial for any other purpose under the issues, and when the possibility of sharp competition in ·rates between forwarding and shipping companies is considered, it will be seen that the offered evidence might not have thrown any light upon what the real contract was, and it might have been actually misleading.

The judgment is justified by the record, both as to the right of recovery and as to the amount of damages, and it is therefore affirmed.

FULLERTON, CROW, and DUNBAR, JJ., concur.

CHADWICK, J., took no part.