ARNOLD *v.* HUBER MANUFACTURING CO.

PROCESS — SERVICE ON AGENT OF CORPORATIONS — FOREIGN COR-
PORATIONS—STATUTES.
    Service of process was legally made upon a foreign corporation
    authorized to do business in.Michigan and having an agent ap-
    pointed within the State for service of process, by serving
    the same on an expert machinist employed by such foreign
    corporation, engaged in its service in a county where its
    State agent did not reside. 3 Comp. Laws, § 10468, Act No.
    3, Special Session 1907.[1]

Certiorari to Allegan; Padgham, J. Submitted April
16, 1911. (Docket No. 26.) Decided June 2, 1911.

Action at law by Guy Arnold against the Huber Man-
ufacturing Company. Defendant moved to quash the
service of process, and the motion was overruled. De-
fendant brings certiorari. Affirmed.

*J. A. Boice* (*Gardner & Hood* and *Tuttle, McArthur
& Dunnebacke,* of counsel), for appellant.

*Wilkes, Hoffman & Stone,* for appellee.

MOORE, J. This proceeding is certiorari to review the
action of the circuit judge in refusing a motion to quash
the service on defendant company. The defendant is a
foreign corporation duly authorized to do business in this
State. It has a branch house in Lansing, Mich., in charge
of Calvin H. Shoemaker. In August, 1909, defendant
caused to be filed with the secretary of State evidence of
the appointment of Calvin H. Shoemaker, named as C. H.
Shoemaker, as an agent in Michigan to accept service of
process on behalf of defendant, and that said Shoemaker
ever since has been, and is yet, such agent. In July, 1910,

[1]As to who may be served in suit against foreign corporation, see
notes in 23 L. R. A. 490; 4 L. R. A. (N. S.) 272, 460.

Mr. Shoemaker employed Horace Williams, who was an expert machinist, to do certain work for the company. On or about the 18th day of August, 1910, Mr. Shoemaker received a letter from J. H. Reynolds, who lived at or near Allegan, Mich., saying that he had a 14-horse-power engine, and that he wished to make a deal for an 18 or 20-horse-power engine, and inquiring what kind of a deal could be made. Mr. Williams was given this letter, and sent to Allegan to investigate. While there, process was served upon him. Defendant by its attorney appeared specially, and moved to quash the service. An issue was framed as follows:

"Was H. A. Williams, the person upon whom the summons filed in this cause was served, such an agent of the defendant, or so connected with its business, on August 19, 1910, as that service could be made on him and bind the defendant under the laws of this State?"

On said hearing, it appeared by the certificate of the secretary of State of the State of Michigan that said defendant was duly and legally authorized to do business in this State since the 19th day of March, 1902, and also that its principal office and place of business was at Lansing, Mich., and C. H. Shoemaker was its agent and in charge of its business at Lansing, and on such hearing Mr. Williams and Mr. Shoemaker gave testimony. The circuit judge found "that the evidence is sufficient to show that the said H. A. Williams was at the time in question acting as the agent of said defendant, and that the service upon him was sufficient to bind the defendant."

The following from the brief of counsel will show defendant's contention:

"It is our contention that * * * the word 'agent,' as used in this section, must be some one who has some authority, discretion, or control over some part of the business of the company; that Mr. Williams had no such authority, discretion, or control; that he was a mere employé and not such an agent as service could be made

upon. We contend that there is no evidence which authorized the finding that Mr. Williams was such an agent at the time of the service upon him. We contend that the court erred in ruling and finding that there was such evidence, and in overruling defendant's motion to quash the service in this case, and in failing to grant defendant's motion.

"The evidence shows that Mr. Williams was a mere employé, day by day, working under the immediate direction and control of Mr. Shoemaker, who is the sole agent in the State of Michigan for the Huber Manufacturing Company, and the only agent in sole charge of the sole and only business office maintained by the Huber Manufacturing Company within the State of Michigan."

It is apparent that the first question to be decided is whether there is testimony upon which to base the finding that Mr. Williams was agent of defendant company. See *Vorheis* v. *Benefit Society*, 86 Mich. 31 (48 N. W. 1087). Mr. Williams and Mr. Shoemaker were sworn and testified at great length as to the nature and scope of the employment of the former. Complaint is made that Mr. Williams and Mr. Shoemaker were not allowed to answer whether Mr. Williams was an agent of the company. As they were allowed to state in detail what he did, and what he was authorized to do, we think the complaint was not well founded.

It would profit no one to recite the testimony, which was very voluminous. We shall content ourselves with saying that it was sufficient to justify the court in its findings. There are two provisions of the statute under which it is claimed service could lawfully be made on any agent of the defendant corporation, who was at the time in Allegan county, viz., section 10468, 3 Comp. Laws, and section 10 of Act 3, Special Session of 1907. The section cited from the compiled laws provides that service of summons may be made " upon any officer or agent of the corporation." It was held in *Grand Trunk R. Co.* v. *Wayne Circuit Judge*, 106 Mich. 248 (64 N. W. 17), that this section applies only to domestic corporations. As to the

above quoted words from section 10468, the language of section 10, Act 3, *supra*, is identical. Section 10, besides providing for the appointing of an agent to accept service of process, and for service to be made upon the secretary of State, contains the further provision that "service of process may also be made on any officer or agent of such corporation." That the provisions of section 10, above referred to, confer the right to make service which would be good, seems to be settled by *Showen* v. *J. L. Owens Co.*, 158 Mich. 321 (122 N. W. 640, 133 Am. St. Rep. 376).

Judgment is affirmed.

OSTRANDER, C. J., and BIRD, HOOKER, and MCALVAY, JJ., concurred.