[No. 10644.   Department One.   May 10, 1913.]

BARRETT MANUFACTURING COMPANY, *Appellant*, v.
H. G. KENNEDY *et al.*, *Respondents.*[1]

CORPORATIONS—FOREIGN CORPORATIONS—ACTIONS—SERVICE OF PROCESS.   The statute authorizing service of process upon the statutory agent of a foreign corporation is only cumulative, and service may be made under the general statute.

SAME—SERVICE OF PROCESS—"ANY AGENT."   Under Rem. & Bal. Code, § 226, authorizing suit against a foreign corporation by service of process upon "any agent, cashier or secretary thereof," service may be made upon any agent having representative authority, e. g., an agent having sole charge of defendant's warehouse during the absence from the state of its statutory agent and resident manager, empowered to ship out and receive freight, make out shipping bills, sell goods and solicit orders; "agents" not being limited to agents of the class of "cashier or secretary."

Appeal from a judgment of the superior court for King county, Dykeman, J., entered August 19, 1912, in favor of the defendants, after a trial on the merits before the court, in an action to vacate default judgments.   Affirmed.

*James W. Reynolds*, for appellant.

*Lewis, Lohmann & Levine*, for respondents.

GOSE, J.—This action was brought by the plaintiff for the purpose of vacating five default judgments entered against it as garnishee in one of the justice courts of King county. There was a judgment in favor of the defendants, from which the plaintiff has appealed.

The appeal presents a single question, viz., the legality of the service upon which the judgments were rendered.   The returns show that the several writs of garnishment were served upon the appellant, a foreign corporation, by personally delivering a true copy of the writs to "S. M. Edwards, he being the acting manager of the garnishee."   Prior to the service of the writs, the appellant had filed its cer-

[1]Reported in 131 Pac. 1161.

tificate with the secretary of state, designating George S. Turner as its statutory agent, and empowering him to accept service conformably to the statute.

The first contention is that process can be served only upon the statutory agent. This court held, in *Tatum v. Niagara Fire Ins. Co.*, 43 Wash. 373, 86 Pac. 660, that the statute authorizing service of process upon the statutory agent of a foreign corporation was only cumulative, and that service might be made under the general statute. It is argued that the opinion does not show that the corporation had appointed a statutory agent. The briefs, as well as the opinion, clearly show that his appointment was assumed. The following cases speak the same rule: *Federal Betterment Co. v. Reeves*, 73 Kan. 107, 84 Pac. 560, 4 L. R. A. (N. S.) 460; *Eagle Life Ass'n v. Redden*, 121 Ala. 346, 25 South. 779; *In re Curtis*, 115 La. 918, 40 South. 334, 112 Am. St. 284, 5 L. R. A. (N. S.) 298; *Venner v. Denver Union Water Co.*, 40 Colo. 212, 90 Pac. 623, 122 Am. St. 1036; *Mutual Reserve Fund Life Ass'n v. Cleveland Woolen Mills*, 82 Fed. 508; *Bankers' Union of The World v. Nabors*, 36 Tex. Civ. App. 38, 81 S. W. 91.

The next contention is that Edwards was not an agent within the meaning of the statute. Our statute, Rem. & Bal. Code, § 1828, provides that writs of garnishment may be served in the same manner as a summons. Section 226 provides that a summons shall be served by delivering a copy thereof as follows:

"If the suit be against a foreign corporation or nonresident joint stock company or association doing business within this state, to any agent, cashier or secretary thereof."

The record shows that Turner, the statutory agent, who was also the resident manager of the appellant, had gone to California; that the writs were served in the afternoon; that Turner returned to Seattle that evening after the service of the writs; that Edwards had sole charge of the appellant's warehouse in Seattle during his absence; that he shipped

goods out of the warehouse as directed, and made out the shipping bills; that he received freight into the warehouse; that he checked the bills, and that he sold the appellant's goods and solicited orders for its goods at list prices. Measured by the duties which Edwards performed, he was clearly an agent within the meaning of the statute. It is true that he was not a general agent, but the statute does not require that service in such cases shall be made upon a general or a managing agent; it suffices if it is made upon "any agent" with representative authority. *Sievers v. Dalles, Portland & A. Nav. Co.*, 24 Wash. 302, 64 Pac. 539; *Tatum v. Niagara Ins. Co., supra; Womach v. Case Threshing Machine Co.*, 62 Wash. 661, 114 Pac. 509; *Lee v. Fidelity Storage & Transfer Co.*, 51 Wash. 208, 98 Pac. 658; *Jenkins v. Penn Bridge Co.*, 73 S. C. 526, 53 S. E. 991; *Norfolk & W. R. Co. v. Cottrell*, 83 Va. 512, 3 S. E. 123; *Moinet v. Burnham, Stoepel & Co.*, 143 Mich. 489, 106 N. W. 1126; *Arnold v. Huber Mfg. Co.*, 166 Mich. 190, 131 N. W. 537. In the *Sievers* case, summons was served upon both the purser and wharfinger of the defendant corporation, a navigation company. In holding the service efficient to confer jurisdiction, the court said:

"The corporation received and discharged freight and passengers at Vancouver, and this business was in charge of the purser, who was certainly one of the company's agents looking after this with other business of the company. The appellant's steamers regularly landed at the wharf at Vancouver, and regularly discharged and received passengers and freight. To that extent it was certainly doing business in the state, and the wharf was an office for the transaction of such business. Paragraph 9 of § 4875, which provides the manner of service of summons, provides that, if the suit be against a foreign corporation or non-resident joint stock company or association doing business within the state, the summons may be served on any agent of the corporation. It does not specify any particular kind of agent, and we think that both the wharfinger and the purser were agents within the meaning of the law."

In the *Tatum* case, it was argued in the briefs that the words of the statute "any agent, cashier, or secretary" are limited to agents of the same class as "cashiers" and "secretaries," meaning those agents who have been vested with "executive powers and general authority and discretion." This view, however, was not accepted by the court. In *Venner v. Denver Union Water Co., supra*, in construing a statute which provided that service might be made upon "any agent" of a foreign corporation, the court said:

"The purpose was to employ a term so broad as to cover all who bore the relation of agent to such corporations without specifically naming the official who should be regarded as an agent. The general assembly had the power to make a provision as broad and sweeping as this, provided, of course, that service of process shall be upon such agents as may be properly deemed representatives of the corporation."

In the *Jenkins* case, a service of summons upon a timekeeper of the defendant, a foreign corporation, was held sufficient. The court said that the legality of the service did not depend upon the tenure of service, but "upon the character or nature of the service," and that "agency may also be shown by the fact that a person represents the master in some one or more of his relations to others, even though he may not have power to contract. The statute makes service on 'any agent' of a foreign corporation sufficient. The statute, therefore, does not require that the agent shall be general, but is complied with by a service upon an agent having limited authority to represent his principal." In the *Cottrell* case, the court defined the term "agent" as signifying "any one who undertakes to transact some business affair for another by authority and on account of the latter, and to render an account of it." In the *Moinet* case, it was held that a traveling salesman of a domestic mercantile company is an agent within the meaning of the statute permitting service of process "upon the agent" of a corporation. The words of the statute "any agent" were intended to have

a broad meaning, and must be liberally construed to effectuate the legislative intent. While they may not include a day laborer or an employee who has no authority to represent the corporation in any way other than to discharge his daily task, they must be held to include all such agents as represent the corporation in either a general or a limited capacity.

The appellant has cited *Erie R. R. Co. v. Van Allen*, 76 N. J. L. 119, 69 Atl. 484. That case holds that the statute refers "to officers having some general or supervisory authority," and that a service of summons upon "the resident freight agent" of the corporation was insufficient. This construction is not in harmony with the rule heretofore adopted by this court in *Sievers v. Dalles, Portland & A. Nav. Co.*, *supra*, and *Tatum v. Niagara Ins. Co., supra*.

The judgment is affirmed.

CROW, C. J., MOUNT, and PARKER, JJ., concur.