[No. 14857. Department One. December 4, 1918.]

ALASKA PACIFIC NAVIGATION COMPANY, *Appellant,* v.
SOUTHWARK FOUNDRY & MACHINE COMPANY
*et al., Respondents.*[1]

CORPORATIONS (263)—FOREIGN CORPORATIONS—ACTIONS—PROCESS—
"AGENTS." The president of a local company contracting with a
foreign corporation on a time and material basis to install gas
engines sold to be installed in this state, is not the "agent" of the
foreign corporation for the purpose of service of process; the work
of installation being mechanical only.

SAME (263). In such case, a mechanical engineer loaned by the
foreign corporation to the local company, under its contract, to
supervise the installation of the gas engines, who was paid by and
in the service of the local company, is not an "agent" for the pur-
pose of making service of process upon the foreign corporation.

APPEARANCE (4-8)—SPECIAL APPEARANCE—WAIVER. Where, upon
hearing a motion under special appearance to quash service of
summons, plaintiff requested leave to amend the complaint, objec-
tion thereto does not constitute a general appearance waiving the
special appearance.

Appeal from an order of the superior court for King
county, Frater, J., entered February 11, 1918, quash-
ing service of summons in an action against foreign
corporations. Affirmed.

*C. H. Hanford* and *Piles & Halverstadt (Kerr &
McCord,* of counsel), for appellant, contended, among
other things, that the cause of action arose in the state
of Washington. *Macario v. Alaska Gastineau Min. Co.,*
96 Wash. 458, 165 Pac. 73, L. R. A. 1917E 1152; *Car-
stens & Earles v. Leidigh & H. Lum. Co.,* 18 Wash. 450,
51 Pac. 1051, 63 Am. St. 906, 39 L. R. A. 548; *Rich v.
Chicago, B. & Q. R. Co.,* 34 Wash. 14, 74 Pac. 1008;
*Johanson v. Alaska Treadwell Gold Min. Co.,* 225
Fed. 270; *Durham v. Spence,* L. R. 6 Exch. 46; *Okla-
homa Fire Ins. Co. v. Kimple,* 156 Pac. (Okl.) 300;

[1]Reported in 176 Pac. 357.

*Strawn v. Edward J. Brandt-Dent Co.*, 71 App. Div. 234, 75 N. Y. Supp. 698; *Maxwell v. Atchison, T. & S. F. R. Co.*, 34 Fed. 286; *Hibernia Nat. Bank v. Lacombe*, 84 N. Y. 367, 38 Am. Rep. 518; *United States Graphite Co. v. Pacific Graphite Co.*, 68 Fed. 442; *Bach v. Brown*, 17 Utah 435, 53 Pac. 991; *Shelby Steel-Tube Co. v. Burgess Gun Co.*, 8 App. Div. 444, 40 N. Y. Supp. 871; *Barnett, Haynes & Barnett v. Colonial Hotel Building Co.*, 137 Mo. App. 636, 119 S. W. 471; *Peak v. International Harvester Co. of America*, 194 Mo. App. 128, 186 S. W. 574; *Lammers v. Floyd*, 11 Tex. Civ. App. 473, 33 S. W. 150; *Hosley v. Wisconsin Odd Fellows Mut. Life Ins. Co.*, 86 Wis. 463, 57 N. W. 48; *State v. Woodville*, 13 Tex. Civ. App. 217, 35 S. W. 861; *Carpenter v. American Accident Co.*, 46 S. C. 541, 24 S. E. 500; *Pennsylvania Lumbermen's Mut. Fire Ins. Co. v. Meyer*, 197 U. S. 407; *St. Louis Southwestern R. Co. of Texas v. Alexander*, 227 U. S. 218, Ann. Cas. 1915B 77; *Rosenblatt v. Jersey Novelty Co.*, 45 Misc. Rep. 59, 90 N. Y. Supp. 816; *Ithaca Fire Dept. v. Beecher*, 199 N. Y. 429, 2 N. E. 154; *Griesa v. Massachusetts Benefit Ass'n*, 15 N. Y. Supp. 71; *Bruil v. Northwestern Mut. Relief Ass'n*, 72 Wis. 430, 39 N. W. 529; *Thorne v. Milliken*, 157 Pac. (Okl.) 914; *Hilleary v. Skookum Root Hair-Grower Co.*, 4 Misc. Rep. 127, 23 N. Y. Supp. 1016; *Miller v. Burlington & M. R. Co.*, 70 N. Y. 223; 11 Cyc. 662; 40 Cyc. 83.

Allan Cunningham was the agent in fact of the gas company, and if not its agent by appointment was its agent by estoppel. *Barrett Mfg. Co. v. Kennedy*, 73 Wash. 503, 131 Pac. 1161; *Sievers v. Dalles, Portland & A. Nav. Co.*, 24 Wash. 302, 64 Pac. 539; *Lee v. Fidelity Storage & Transfer Co.*, 51 Wash. 208, 98 Pac. 658; *Jenkins v. Penn Bridge Co.*, 73 S. C. 526, 53 S. E. 991; *Norfolk & W. R. Co. v. Cottrell*, 83 Va. 512, 3 S. E. 123; *Arnold v. Huber Mfg. Co.*, 166 Mich. 190, 131 N.

W. 537; *Southern Bell Tel. & Tel. Co. v. Parker,* 119 Ga. 721, 47 S. E. 194; *Beach v. Kerr Turbine Co.,* 243 Fed. 706; *Commercial Mut. Accident Co. v. Davis,* 213 U. S. 245; *Bronson's Executor v. Chappell,* 79 U. S. 681; *Easton v. Littooy,* 91 Wash. 648, 158 Pac. 531; *Mott Iron Works v. Metropolitan Bank,* 78 Wash. 294, 139 Pac. 36; *Violette v. Insurance Co. of Pennsylvania,* 92 Wash. 685, 159 Pac. 896; *Hackett v. Van Frank,* 105 Mo. App. 384, 79 S. W. 1013; *Johnson v. Jones,* 4 Barb. 369; *Board of Trade of Chicago v. Hammond Elevator Co.,* 198 U. S. 424; 2 Herman, Estoppel and Res Judicata, p. 1207; 1 Mechem, Agency (2d ed.), §§ 245, 246; 1 Am. & Eng. Ency. Law (2d ed.), pp. 659, 690.

Frank G. Bryant was the agent of the Southwark Company in doing what that company had contracted to do in this state. *National Condensed Milk Co. v. Brandenburgh,* 40 N. J. L. 111; *Sievers v. Dalles, Portland & A. Nav. Co.,* 24 Wash. 302, 64 Pac. 539; *Lee v. Fidelity Storage & Transfer Co.,* 51 Wash. 208, 98 Pac. 658; *Barrett Mfg. Co. v. Kennedy,* 73 Wash. 503, 131 Pac. 1161; *Jenkins v. Penn Bridge Co.,* 73 S. C. 526, 53 S. E. 991; *Norfolk & W. R. Co. v. Cottrell,* 83 Va. 512, 3 S. E. 123; *Arnold v. Huber Mfg. Co.,* 166 Mich. 190, 131 N. W. 537; *Southern Bell Tel. & Tel. Co. v. Parker,* 119 Ga. 721, 47 S. E. 194; *Beach v. Kerr Turbine Co.,* 243 Fed. 706; *Pennsylvania Lumbermen's Mut. Fire Ins. Co. v. Meyer,* 197 U. S. 407.

*Ballinger, Battle, Hulbert & Shorts,* for respondent Southwark Foundry & Machine Company.

*Coogan & O'Connor* and *Hughes, McMicken, Ramsey & Rupp,* for respondent Standard Gas Engine Company.

TOLMAN, J.—This action was instituted by the appellant, its complaint alleging that, in March, 1916, it

entered into a contract with the respondent Standard
Gas Engine Company, at Seattle, Washington, where-
by the latter company agreed to furnish two South-
wark-Harris Valveless Oil Engines with equipment, to
be installed in a motor ship to be built by appellant,
the engines to be manufactured by the respondent
Southwark Foundary & Machine Company and guar-
anteed by the manufacturer, the engines to be com-
pleted and shipped from Philadelphia for installation
at Seattle within nine months from the receipt of the
order, the price and terms of payment being fixed in
the contract.  It is further alleged that, immediately
thereafter, the gas engine company entered into a con-
tract with the Southwark company by which the latter
agreed to manufacture the engines for this particular
vessel, and guaranteed that the engines would be built
along good mechanical lines, with all parts subject to
wear adjustable, all wearing surfaces renewable, to re-
place all defective parts, and that the engines should
be installed in such a way as to pass inspection by the
United States inspection service, which contract is al-
leged to have contained the same terms as to delivery
and payment as were specified in the contract between
the gas engine company and appellant.  It is further
alleged, that appellant made all payments as required,
and fully performed the contract on its part; that,
several times during the summer and fall of 1916, ap-
pellant notified each of the respondents that the hull
of the ship would be ready for installation of the en-
gines by the time specified for delivery in the contract,
and warned them that failure to perform the contract
within the time specified would cause damages to ap-
pellant in a large amount which it would not waive;
that the ship was ready for installation of the en-
gines at the time specified, and if the engines had
been then installed, she would have been completed

and ready for service by February 1, 1917, but that respondents disregarded the terms of the contract, failed to commence the construction of the engines with business-like promptness, or in time to have them ready for delivery under the terms of the contract, so that the engines were not delivered to the carrier to be transported to Seattle until August, 1917, and could not be, and were not, installed in the vessel until October, 1917. The complaint further alleges what the earning capacity of the vessel would have been if completed February 1, 1917, the consequent loss to appellant, and prays for judgment in the sum of $500,000.

The summons and complaint were attempted to be served in King county, Washington, on the Southwark company by the delivery of copies to one F. G. Bryant as its agent, and upon the gas engine company by delivery of copies to one Allan Cunningham as its agent. Respondents each appeared specially and separately, and moved to quash the service upon it upon the grounds that the person served was not its agent, and also that it was not doing business within this state. Numerous affidavits were filed in support and in opposition to each of such motions, and the trial court having granted each of said motions and entered its order quashing the service, this appeal followed.

The facts from which it must be determined whether Cunningham was the agent of the gas engine company, as we draw them from the record, are that the gas engine company wrote a letter to appellant on July 2, 1917, saying:

"The actual work of installation will probably be done by the Pacific Machine Shop & Manufacturing Company, under the direction of Mr. Allan Cunningham;"

that Cunningham was in fact the president of the Pa-

cific Machine Shop & Manufacturing Company, a cor-
poration, which had a contract with the gas engine
company to install these engines on a time and ma-
terial basis, and that, after the arrival in Seattle of
the first engine, a conference was had in which a rep-
resentative of appellant participated, in the course of
which it was agreed that a Mr. Lowe should be em-
ployed by the Pacific Machine Shop & Manufacturing
Company to superintend the installation of the en-
gines, that all wages should be paid by the Pacific Ma-
chine Shop & Manufacturing Company upon time
checks issued by Lowe, and that Lowe should issue
all requests for supplies, which should be O. K'd. by
Bryant, who would also assist Lowe with his technical
knowledge and advice; so that the arrangement men-
tioned as ''probable,'' in the letter above referred to,
was modified with the consent and knowledge of ap-
pellant.

Likewise as to the facts tending to show that Bryant
was the agent of the Southwark company: It appears
that Bryant was a mechanical engineer, employed by
the Southwark company generally in installing, erec-
ting and testing engines, and in no other capacity, and
that, under the contract between the Southwark com-
pany and the gas engine company, Bryant was loaned
to the gas engine company to supervise the installa-
tion of engines in this state which had been manu-
factured by the Southwark company and by it sold to
or through the gas engine company, and was never
in this state under any other arrangement, and while
so here his expenses were paid by the gas engine com-
pany, while his regular salary was paid by the South-
wark company.

This court has heretofore had occasion to discuss
the question of what constitutes agency for the pur-
pose of the service of summons and complaint upon a

foreign corporation. Not considering the several cases where it was sought to serve the soliciting agent of a railroad company operating no line in this state, or similar cases, and assuming for present purposes (although that may well be doubted) that the installation of the engines in question would be doing business in this state, and further assuming that the cause of action arose in this state, there remains applicable the line of cases represented by the following:

In *Sievers v. Dalles, Portland & A. Nav. Co.*, 24 Wash. 302, 64 Pac. 539, it was held that the purser and wharfinger of the navigation company, in charge of the freight and passengers received and discharged by the navigation company at its dock where it regularly landed in this state and received and discharged such freight and passengers, were such agents.

In *Lee v. Fidelity Storage & Transfer Co.*, 51 Wash. 208, 98 Pac. 658, it was held that one who acted as agent to receive, distribute and store goods and collect the shipping charges, was an agent upon whom service might be made.

In *Barrett Mfg. Co. v. Kennedy*, 73 Wash. 503, 131 Pac. 1161, it was held that one having sole charge, though temporarily, of a warehouse, with authority to ship and receive freight, sell goods, and solicit orders, was such an agent. The court there said:

"It is true that he was not a general agent, but the statute does not require that service in such cases shall be made upon a general or a managing agent; it suffices if it is made upon 'any agent' with representative authority."

We think the reasoning in all of these cases recognizes the general rule, which seems to prevail in most if not all of the states having statutes such as ours, that the agent to be served must be one having some authority to represent the principal, and not a mere

servant or employee.  Did either Cunningham or Bryant have any authority to represent, the one the gas engine company, and the other the Southwark company? The only business to be performed was to install the engines under this contract.  What was required to so install the engines?  The answer must be, mechanical skill only.  The skill necessary to read and understand the plans and specifications, if any, and to carry them into execution.  More than this, as to the gas engine company, it appears that the work was let by contract to the Pacific Machine Shop & Manufacturing Company on a time and material basis, and in taking such a contract it was bound by the contract and the plans and specifications for the work, with no authority whatever except to carry out the mechanical acts therein required, and could not thereby be clothed with any representative authority, more certainly so since the cause of action did not arise from the performance of this mechanical work.  If this be true as to the contracting company, Cunningham, its president, who was not shown to have taken any part in the work, was even further removed from having representative authority from the gas engine company.

What has been said as to the supposed agent of the gas engine company applies equally to Bryant, the supposed agent of the Southwark company.  He was a mechanical engineer only, and his duties were purely mechanical.  A skilled servant, it is true, and yet no more than a servant.  Further, it appears that the gas engine company had contracted with appellant for the installation of the engines, and that Bryant was by it borrowed from the Southwark company for the purpose which brought him to this state, and while so borrowed he was, of course, the servant of the gas engine company until such time as the Southwark company

might recall him, or his duties to the gas engine company might end. He was not, when served, even the servant of the Southwark company, much less an agent having representative authority.

During the closing argument below upon the motion to quash, appellant asked leave to amend its complaint by interlining a correction or change, to which counsel for the Southwark company objected, and it is now urged that such objection constituted a general appearance. The making of the objection was not the asking for affirmative relief, was not inconsistent with the special appearance, and therefore did not waive it.

Finding no error, the judgment will be affirmed.

MAIN, C. J., MACKINTOSH, CHADWICK, and MITCHELL, JJ., concur.